**Sharon THAYER, Appellant–Plaintiff,**

v.

**Pratap GOHIL, D.P.M., Appellee–Defendant.**

**No. 34A04–0007–CV–281.**

Court of Appeals of Indiana.

Jan. 8, 2001.

Jennifer L. Graham, Indianapolis, Indiana, Attorney for Appellant.

Frederick William LaCava, Daniel J. Buba, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge

Plaintiff–Appellant Sharon Thayer ("Thayer") appeals the trial court's grant of summary judgment in favor of Defendant–Appellee Pratap Gohil, D.P.M. ("Gohil"). We affirm.

Thayer raises two issues for our review, which we restate as:

I. Whether the trial court erred in striking Thayer's summary judgment response.

II. Whether the trial court abused its discretion in denying Thayer's Ind.Trial Rule 60(B) motion for relief from judgment.

On August 5, 1999, Thayer filed a complaint for medical negligence against Gohil. On September 9, 1999, Gohil responded by filing a motion for summary judgment. Thayer timely filed a motion for an extension of time to respond to Gohil's motion. Gohil did not oppose the motion, and the trial court granted an extension.

On October 25, 1999, Thayer filed a second motion for extension of time. Again, Gohil did not oppose the motion, and Thayer was given until November 29, 1999, to respond to Gohil's motion.[1]

On December 1, 1999, Thayer filed her response to Gohil's motion, along with the affidavit of Dr. Michael Shea ("physician's affidavit"). On the same date, Thayer also filed a motion for leave to file her response in which she alleged that she had good cause for not meeting the court's deadline. The trial court originally granted Thayer's motion, but upon reconsideration, it granted Gohil's motion to strike Thayer's response and affidavit. The trial court then granted summary judgment to Gohil.

Thayer responded by filing a motion to reconsider the striking of her response and affidavit or, in the alternative, to set aside the ruling pursuant to Ind.Trial Rule 60(B). The trial court denied the motion, and this appeal ensued.

Thayer first contends that the trial court erred in striking her summary judgment response and physician's affidavit. In support of her contention, Thayer emphasizes that the trial court initially allowed the late filing of the response on the basis that she had shown good cause for missing the court's November 29, 1999 deadline. Thayer further emphasizes that the trial court, in reconsidering its initial order, determined that *Seufert v. RWB Medical Income Properties I Ltd. Partnership,* 649 N.E.2d 1070 (Ind.Ct.App. 1995) and *Brown v. Banta,* 682 N.E.2d 582 (Ind.Ct.App.1997), *trans. denied,* mandated the striking of her response. Thayer argues that these cases are distinguishable and therefore are not controlling.

In the former case, Seufert did not file a response or a request for additional time to respond to RWB's motion for summary judgment within the thirty day period set forth in Ind.Trial Rule 56(C). The trial

---

1. The court actually granted the extension to Saturday, November 27, 1999. Under our trial rules, however, Thayer had until the end of day on Monday, November 29, 1999, to file her response.

court therefore granted summary judgment for RWB. On appeal, this court acknowledged Seufert's contention that the trial court has the discretion to order a continuance pursuant to T.R. 56(F) and to alter any time limits set forth in the rule pursuant to T.R. 56(I). We concluded, however, that Seufert incorrectly assumed that the remedies set forth in the rule "are available to a non-moving party who has failed to oppose or respond to the [summary judgment] motion within the [thirty] day limit established by T.R. 56(C)." *Seufert,* 649 N.E.2d at 1073. The court then held that the trial court was correct in not considering Seufert's untimely response.

In the latter case, Brown entered into a stipulation in response to Banta's summary judgment motion whereby Brown was given until a certain date to depose an expert witness and to file a response to the motion. Brown filed her response well past the aforementioned deadline, and the trial court granted Banta's subsequent motion to strike the untimely response. On appeal, this court noted that Brown was required to (1) file an affidavit pursuant to T.R. 56(F) to obtain a continuance to take a deposition, and/or (2) show cause pursuant to T.R. 56(I) to permit the trial court to alter the time limits prescribed by the rule. *Brown,* 682 N.E.2d at 585. Because Brown failed to comply with either T.R. 56(F) or (I), we held that the trial court was correct in striking the response.

*Seufert* and *Brown* illustrate that it is essential that the nonmovant timely comply with the dictates of T.R. 56. We find *Brown* particularly relevant to this case, as we read it to illustrate that not only must the nonmovant file a response or request for continuance during the initial thirty day period, but she must also file a response, file an affidavit pursuant to T.R. 56(F), or show cause for alteration of time pursuant to T.R. 56(I) during any additional period granted by the trial court. In the present case, even though Thayer comes closer to complying with T.R. 56 than either Seufert or Brown, her noncom-

pliance in failing to show cause for alteration of time before the November 29, 1999 deadline must result in a striking of her untimely response.

Thayer cites *GEICO Insurance Co. v. Rowell,* 705 N.E.2d 476 (Ind.Ct.App.1999) for the proposition that the trial court has almost unfettered discretion to alter the time limits prescribed by the rule. An examination of *GEICO,* however, discloses that the issue before the court was whether the trial court had the discretion to alter time limits when the nonmovant failed to file an affidavit in support of a motion for continuance but did attempt to show cause for an extension of time both before the expiration of the thirty day period set forth in T.R. 56(C) and before the expiration of two subsequent extensions of time set by the court. The *GEICO* court held that the trial court correctly exercised its discretion to grant extensions of time upon the nonmovant's timely attempts to show cause, a holding that illustrates the significance of T.R. 56(I).

Thayer also cites *Indiana University Medical Center v. Logan,* 728 N.E.2d 855 (Ind.2000) in support of her contention that the trial court erred in striking her response as untimely. In that case, Logan submitted her own affidavit in response to the Medical Center's summary judgment motion within the thirty day period set forth in T.R. 56(C). After the expiration of the thirty day period, Logan filed the affidavit of a physician setting forth the physician's opinion that the treatment provided by the Medical Center fell below a reasonable standard of care. The Medical Center moved to strike the physician's affidavit and other filings on the basis that they were either untimely or otherwise inadmissible. The trial court denied the Medical Center's motion to strike the physician's affidavit. Our supreme court affirmed the trial court, holding that the court was correct in permitting the filing of the physician's affidavit as a supplement to Logan's affidavit under T.R. 56(E). *Id.* at 859.

After concluding that the physician's affidavit should have been permitted under T.R. 56(E), the *Logan* court discussed whether the trial court's decision to consider the affidavit was against the logic and effect of the facts and circumstances before the court. *Id.* It is this discussion that Thayer relies upon. We note, however, that this discussion only became relevant upon Logan's compliance with T.R. 56. Here, Thayer does not contend that she filed the response and affidavit on December 1, 1999, in compliance with T.R. 56(E) as supplementation to any timely filed document, and we have already determined that Thayer failed to comply with either T.R. 56(F) or (I). We conclude that *Logan* is inapposite.

Thayer also contends that the trial court erred in denying her Ind.Trial Rule 60(B) motion to set aside the trial court's summary judgment order in favor of Gohil. Thayer points to T.R. 60(B)(1), which provides that a judgment may be set aside if it is based upon mistake, surprise, or excusable neglect. Thayer contends that she was "surprised" by Gohil's motion to strike and that such surprise is sufficient to warrant the setting aside of the trial court's order. Thayer further contends that the delay in obtaining the physician's affidavit constitutes "excusable neglect" sufficient to warrant the setting aside of the summary judgment order.

■ Relief from judgment is an equitable remedy that is left to the discretion of the trial court. *In re Estate of Moore*, 714 N.E.2d 675, 677 (Ind.Ct.App.1999). This court will not reverse a denial of a motion for relief from judgment in the absence of an abuse of discretion. *Wolvos v. Meyer*, 668 N.E.2d 671, 678 (Ind.1996).

■ In the present case, Thayer claims "surprise" and/or "excusable neglect" under T.R. 60(B)(1) because Gohil's counsel failed to respond to a November 29, 1999

phone message and fax from Thayer's counsel requesting Gohil's counsel's acquiescence to a two-day extension of the trial court's deadline to obtain the physician's signature upon the affidavit. In her motion, she reasoned that:

> Gohil's counsel could have taken the simple step of returning the undersigned's telephone call or fax inquiry to advise Thayer's counsel that he would object to added time to respond. Thayer then could have moved the Court for added time pursuant to T.R. 56(F), averring therein Defendant's objection to the added time. The Catch 22 is that if opposing counsel waits to respond until the next day, or as in this case, does not respond at all, it will then be too late to move for added time, even under 56(F).

(R. 57). In essence, Thayer maintains that because Gohil had not objected to the prior requests for continuance, she was "surprised" to find that he would object to the late filing of the response and physician's affidavit, and that such surprise leads to a conclusion of "excusable neglect" in failing to timely file for an extension of time.

There is no surprise or neglect in this case that warrants the setting aside of the summary judgment order under T.R. 60(B)(1). Thayer's responsibility to comply with T.R. 56 was not affected by whether Gohil's counsel responded to the phone message or fax.[2] Therefore, whatever surprise Thayer's counsel may have experienced did not justify counsel's failure to file a timely request for extension. Furthermore, Thayer's counsel's actions in waiting to the last minute to obtain a signature and then failing to file for an extension of time are examples of neglect, but not "excusable neglect."

■ Thayer also contends that the trial court should have set aside the summary judgment because of fraud under T.R.

---

2. We note that there is no evidence establishing that Gohil's counsel was aware of the phone message or fax prior to the expiration of the court's deadline. In fact, Gohil's counsel filed an affidavit which indicated that he was not aware of the phone message and/or fax until November 30, 1999.

60(B)(3). In order to show fraud, Thayer would have to show (1) a material representation of past or existing fact; (2) a representation that is false; (3) a representation which is made with knowledge or reckless ignorance of its falsity; (4) and a representation which causes detrimental reliance by another. *See Lyons v. McDonald*, 501 N.E.2d 1079, 1080–81 (Ind.Ct. App.1986). Our examination of the facts, however, reveals that there is neither a misrepresentation nor a right to depend on a misrepresentation in this case. Accordingly, there is no fraud.[3]

As Gohil's motion for summary judgment, which was supported by the opinion of the medical review panel, was, in effect, unopposed, the trial court correctly granted the motion.

Judgment affirmed.

NAJAM J., and BROOK, J., concur.

---

3. Thayer attempts to show that the facts of this case are significantly similar to the facts set forth in *Smith v. Johnston*, 711 N.E.2d 1259 (Ind.1999) (holding that relief from a default judgment was warranted where the plaintiff did not give notice to the defendants' attorneys before moving for summary judgment). Thayer also attempts to show that the holding in *Smith* is applicable to this case. Thayer fails on both attempts.