ATTORNEY FOR APPELLANT
Christine M. Stach
Rothberg Logan & Warsco LLP
Fort Wayne, Indiana

APPELLEES PROCEEDING WITHOUT ATTORNEY

In the
Indiana Supreme Court

FILED
Mar 26 2008, 11:06 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 25S03-0710-CV-00459

HOMEQ SERVICING CORPORATION, F/K/A TMS MORTGAGE, INC.
D/B/A/ THE MONEY STORE,                               *Appellant (Plaintiff below),*

v.

BRADLEY J. BAKER AND CONSTANCE D. BAKER,          *Appellees (Defendants below).*

Appeal from the Fulton Superior Court, No. 25D01-0306-MF-89
The Honorable Wayne E. Steele, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 25A03-0608-CV-383

**March 26, 2008**

**Dickson, Justice.**

In this appeal, we address two issues. First, we hold that cross-error is available to appeal issues presented in a motion to correct error that is belatedly granted contrary to the "deemed denied" provisions of Ind. Trial Rule 53.3(A). Second, we hold that a trial court may not consider untimely filed materials opposing summary judgment.

In this mortgage foreclosure action the trial court initially granted summary judgment in favor of the plaintiff lender and against the defendant property owners. The defendants filed a motion to correct error, which was not ruled on within thirty days after the hearing, and was therefore subject to the "deemed denied" provisions of T.R. 53.3(A). Thirty-eight days after the

hearing, however, the trial court entered an order purporting to grant the motion and vacate summary judgment. The plaintiff filed a notice of appeal of that order within thirty days, and the defendants cross-appealed, asserting error in the denial of their motion to correct error. The Court of Appeals reversed the trial court's grant of the defendants' motion to correct error, holding that the motion was automatically denied thirty days after the hearing pursuant to Rule 53.3(A), and that the defendants' appeal was untimely because it was initiated more than thirty days after the "deemed denied" date. Homeq Servicing Corporation v. Baker, 863 N.E.2d 1262 (Ind. Ct. App. 2007).

The defendants sought transfer, correctly asserting that the Court of Appeals did not address their cross-appeal claim that they were entitled to appeal of the merits of their motion to correct error. We granted transfer and now hold that the exception recognized in footnote 4 of Cavinder Elevators, Inc. v. Hall, 726 N.E.2d 285, 289 (Ind. 2000), applies to permit the defendants to raise that issue on appeal.

The defendants' claim on the merits is that the trial court should have considered an affidavit filed by the defendants after the thirty days provided for response to a notice for summary judgment, and without a timely motion for extension of that time. We hold that the trial court correctly disregarded the defendants' untimely affidavit opposing summary judgment, and therefore did not err in granting summary judgment to the plaintiff.

**1. Challenging a Deemed Denied Motion to Correct Error by Cross-Appeal**

The relevant facts are undisputed. On June 24, 2005, the defendants filed a motion to correct error challenging the trial court's grant of the plaintiff's motion for summary judgment. On June 29, 2005, the trial court scheduled the motion to correct error for a hearing on August 1, 2005, but a series of continuances resulted in the hearing not taking place until June 19, 2006. Thirty-eight days then elapsed after this hearing, and on July 27, 2006, the trial court granted the motion to correct error and vacated its prior order granting summary judgment. The plaintiff then commenced this appeal on August 24, 2006.

2

Trial Rule 53.3(A) provides:

> In the event a court fails for forty-five (45) days to set a Motion to Correct Error for hearing, or fails to rule on a Motion to Correct Error within thirty (30) days after it was heard or forty-five (45) days after it was filed, if no hearing is required, the pending Motion to Correct Error shall be deemed denied. Any appeal shall be initiated by filing the notice of appeal under Appellate Rule 9(A) within thirty (30) days after the Motion to Correct error is deemed denied.

T.R. 53.3(A). When trial courts purport to grant a motion to correct error belatedly, that is, after the expiration of the thirty-day "deemed denied" deadline in the rule, we have recognized that issues arise regarding the efficient judicial administration and fairness to litigants, including potential "unnecessary, impractical, harsh, and unfair consequences." Cavinder Elevators, 726 N.E.2d at 289.


To address these problems, this Court in Cavinder Elevators adopted a two-part rule. First, if the opponent of a motion to correct error fails to timely appeal a belated grant of the motion, such opponent cannot claim on appeal that the trial court violated the time deadlines in T.R. 53.3(A). Second, if the proponent of the motion to correct error fails to timely appeal when it is deemed denied under T.R. 53.3(A), such proponent cannot by cross-appeal later raise the issues presented by its motion to correct error. Cavinder Elevators, 726 N.E.2d at 289. This second aspect of the rule was subjected to a limited exception, however, in circumstances when a trial court belatedly grants a motion to correct error before the expiration of the time within which the proponent of the motion may appeal the merits motion to correct error that is deemed denied under T.R. 53(A). In footnote 4, we explained:

> If the trial court belatedly grants a motion to correct error before the party filing the motion to correct error initiates an appeal but during the time period within which such party is entitled to appeal from the deemed denial, the party may assert as cross-error the issues presented in its "deemed denied" motion to correct error.

Cavinder Elevators, 727 N.E.2d at 289 n.4. This exception recognizes the probable correctness of a trial court's decision modifying its own previous ruling and permits the proponent of the belatedly-granted motion to delay initiating a possibly unnecessary appeal until ascertaining whether the opponent of the motion chooses to acquiesce in the belated ruling. If the opponent appeals, however, seeking to invoke the "deemed denied" provision of T.R. 53.3(A), the proponent may then by cross-appeal seek appellate review of the merits of its motion to correct error.

3

In the present case, the defendants fell within the limited exception provided by footnote 4. The trial court had timely scheduled a hearing for the motion to correct error, but it failed to rule within thirty days after the hearing. The motion was thus deemed denied pursuant to T.R. 53.3(A), and the defendants had thirty days to initiate an appeal of the deemed denial. Cavinder Elevators, 726 N.E.2d at 289. Just eight days into that period, however, the trial court belatedly granted the motion to correct error. The footnote 4 exception thus permitted the defendants to initially forego commencing an appeal to see if the plaintiff would agree with the merits of the trial court's belated ruling and choose not to assert its invalidity on grounds of tardiness. When, to the contrary, the plaintiff brought this appeal, the defendants were entitled to proceed by cross-appeal to obtain appellate review of the merits of the issues raised in the motion to correct error.

## 2. Untimely Filed Affidavit Opposing Summary Judgment

In their cross-appeal, the defendants contend that the trial court erred in granting the plaintiff's motion for summary judgment, arguing that their belatedly-filed affidavit in opposition to summary judgment could have and should have been considered, and that it establishes significant disputed issues of fact to preclude summary judgment.

The plaintiff filed its motion for summary judgment on April 15, 2004, and the trial court scheduled it for hearing on September 13, 2004. The defendants sought, and the trial court granted, a series of four continuances, with the hearing ultimately occurring on May 9, 2005. At no time within thirty days after service of the plaintiff's motion for summary judgment did the defendants request any alteration of the time limits imposed by Indiana Trial Rule 56. Nor did the defendants at any time before the hearing seek a continuance to permit affidavits to be obtained pursuant to T.R. 56(F). On the day of the hearing, the defendants filed their joint affidavit in opposition to summary judgment—their only designated materials opposing summary judgment. The trial court declined to consider the defendants' affidavit and granted the plaintiff's motion for summary judgment. In their affidavit, in their motion to correct error, and on cross-appeal, the defendants assert that the plaintiff and its counsel have repeatedly ignored or stalled

4

in complying with the defendants' requests for documents and other discovery relevant to the plaintiff's defenses. Citing <u>JSV, Inc. v. Hene Meat Co. Inc.</u>, 794 N.E.2d 555 (Ind. Ct. App. 2003), *trans. not sought*, the defendants urge that a conflict exists in the case law as to whether the trial court can consider late-filed affidavits, and they assert that "[u]nder the circumstances in this case it would be appropriate for the Court to do so." Appellee's and Cross-Appellant's Br. at 9.

Trial Rule 56(C) provides that a party opposing a motion for summary judgment has thirty days to serve a response or any other opposing affidavits. We acknowledge that prior case law has been somewhat inconsistent regarding the authority of a trial judge to consider affidavits filed after the thirty-day deadline in Rule 56(C). *Compare, e.g.* <u>Thayer v. Gohil</u>, 740 N.E.2d 1266, 1269 (Ind. Ct. App. 2001), *trans. denied*; <u>Markley Enters., Inc. v. Grover</u>, 716 N.E.2d 559, 563 (Ind. Ct. App. 1999), *trans. not sought*; <u>Morton v. Moss</u>, 694 N.E.2d 1148, 1151-52 (Ind. Ct. App. 1998), *trans. not sought*; <u>Brown v. Banta</u>, 682 N.E.2d 582, 585 (Ind. Ct. App. 1997), *trans. denied*; <u>Seufert v. RWB Medical Income Properties I Ltd. Partnership</u>, 649 N.E.2d 1070, 1073 (Ind. Ct. App. 1995), *trans. not sought* (cases requiring adverse party to file within thirty days any opposing affidavits and materials or seek extension of time within which to file same); *with* <u>JSV</u>, 794 N.E.2d at 558; <u>Farm Credit Servs. v. Tucker</u>, 792 N.E.2d 565, 569 (Ind. Ct. App. 2003), *trans. not sought.* This inconsistency was recently addressed by the Court of Appeals in <u>Desai v. Croy</u>, 805 N.E.2d 844, 849 (Ind. Ct. App. 2004), *trans. denied*, which found that the rule precluding late filing had been more consistently followed and provided a bright line rule. The <u>Desai</u> court concluded that:

> [W]here a nonmoving party fails to respond within thirty days by either (1) filing affidavits showing issues of material fact, (2) filing his own affidavit under Rule 56(F) indicating why the facts necessary to justify his opposition are unavailable, or (3) requesting an extension of time in which to file his response under 56(I), the trial court lacks discretion to permit that party to thereafter file a response. In other words, a trial court may exercise discretion and alter time limits under 56(I) only if the nonmoving party has responded or sought an extension within thirty days from the date the moving party filed for summary judgment.

*Id.* at 850. Any residual uncertainty was resolved in 2005 when we cited <u>Desai</u> with approval and declared:

5

> When a nonmoving party fails to respond to a motion for summary judgment within 30 days by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot consider summary judgment filings of that party subsequent to the 30-day period.

Borsuk v. Town of St. John, 820 N.E.2d 118, 124 n.5 (Ind. 2005). In Borsuk, the party opposing judgment filed an affidavit approximately sixty days after the filing of the motion, and we held that, since the affidavit was untimely filed, the trial court improperly considered it in determining summary judgment. Id.

In view of the facts and circumstances of this case, the express provisions of Rule 56, and the well-developed caselaw interpreting and applying it, we conclude that the trial court did not err in refusing to consider the defendants' affidavit—their only factual basis for opposing summary judgment—filed on the day of the hearing thirteen months after the filing of the plaintiff's motion for summary judgment.

## Conclusion

The defendants do not dispute the plaintiff's claim that the defendants' motion to correct error challenging the grant of summary judgment was deemed denied pursuant to T.R. 53.3(A), but the defendants correctly assert that they are entitled to challenge by cross-appeal the summary judgment entered without consideration of the defendants' untimely opposing affidavit. Considering that claim, we conclude that the trial court correctly excluded the untimely affidavit, and we affirm the grant of the plaintiff's motion for summary judgment and remand for entry of judgment consistent with this opinion.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.