**Marvin Jay MILLER, M.D., Appellant–Defendant,**

v.

**Tiffany Brook YEDLOWSKI, Deceased, Mario Yedlowski and Kim Rinehart, Appellee–Plaintiff.**

**No. 49A02–0901–CV–78.**

Court of Appeals of Indiana.

Nov. 10, 2009.

---

Michael E. O'Neill, Jeremy W. Willett, Hinshaw & Culbertson, LLP, Schererville, IN, Attorneys for Appellant.

Robert T. Dassow, Hovde Dassow & Deets, LLC, Indianapolis, IN, Attorney for Appellees.

## OPINION

VAIDIK, Judge.

### Case Summary

In the interlocutory appeal of this medical negligence case, Marvin Jay Miller, M.D., appeals the trial court's denial of his motion for summary judgment. According to established Indiana law, when a non-moving party fails to respond to a motion for summary judgment within thirty days by either filing a response, requesting a continuance under Indiana Trial Rule 56(I), or filing an affidavit under Indiana Trial Rule 56(F), the trial court cannot consider summary judgment filings of that party subsequent to the thirty-day period. In this appeal we clarify that when a nonmoving party has received an enlargement of time pursuant to Trial Rule 56(I), any response, including a subsequent motion for enlargement of time, must be made within the additional period granted by the trial court. Because the nonmovants in this case filed their second motion for enlargement of time six days after the deadline set by the trial court, the trial court's order granting their second motion for enlargement of time was a nullity, and the court was precluded from considering their response to Dr. Miller's motion for summary judgment. Because this leaves no evidence to oppose Dr. Miller's motion for summary judgment, we remand this case with instructions for the trial court to enter summary judgment in favor of Dr. Miller.

### Facts and Procedural History

Tiffany Yedlowski was admitted to Larue Carter Hospital in April 2001. Dr. Miller, a psychiatrist, was Tiffany's supervising physician. On July 3 or 4, 2002, seventeen-year-old Tiffany experienced a seizure and died during her stay at Larue Carter Hospital. In May 2003 Tiffany by her parents Mario Yedlowski and Kim Rinehart (collectively, "Plaintiffs") filed a proposed complaint for damages against Dr. Miller with the Indiana Department of Insurance. Also in May 2003 Plaintiffs filed a complaint against Dr. Miller as "XYZ, M.D." in Marion Superior Court.[1] In June 2008 the Medical Review Panel issued its unanimous decision in favor of Dr. Miller:

> The evidence does not support the conclusion that Defendant Marvin Jay Miller, M.D., failed to comply with the appropriate standard of care as charged in the complaint and the conduct complained of was not a factor of the resultant damages.

Appellant's App. p. 68.

Thereafter, on June 20, 2008, Dr. Miller filed a motion for summary judgment in Marion Superior Court arguing that as a result of the unanimous decision of the Medical Review Panel, Plaintiffs were obligated to produce an expert opinion that Dr. Miller failed to meet the applicable standard of care. On July 1 Plaintiffs filed a motion for enlargement of time to respond to Dr. Miller's motion for summary judgment. They requested a deadline of September 4 so that they could "investigate said matter and prepare an appropriate responsive pleading thereto." *Id.* at 69. Dr. Miller objected to any extension of time. However, the trial court granted Plaintiffs' motion and gave them "up through and including September 4, 2008,"

to respond to Dr. Miller's motion for summary judgment. *Id.* at 78.

On September 10—six days after their summary judgment response was due—Plaintiffs filed a second motion for enlargement of time. *Id.* at 84. In this motion, Plaintiffs requested five additional days within which to respond to Dr. Miller's motion for summary judgment because they were still awaiting their expert's report. *Id.* Also on September 10 Dr. Miller filed a motion for a summary ruling arguing that since Plaintiffs had not responded to his motion for summary judgment or filed a continuance within the time limit set by the trial court, he was entitled to summary judgment as a matter of law. *Id.* at 80.

On September 15 Dr. Miller filed an objection to Plaintiffs' second motion for enlargement of time. *Id.* at 86. Dr. Miller argued that, pursuant to *Desai v. Croy*, 805 N.E.2d 844 (Ind.Ct.App.2004), *trans. denied*, since Plaintiffs had failed to respond to his motion for summary judgment within the time limit set by the trial court, the court did not have the discretion to alter the time limit and permit them to file a response. Dr. Miller further argued that because Plaintiffs had failed to present any evidence that he breached the standard of care to overcome the unanimous Medical Review Panel decision and create a genuine issue of material fact, he was entitled to summary judgment as a matter of law. Also on September 15 Plaintiffs filed their response to Dr. Miller's motion for summary judgment, including an affidavit from Dr. Lawson Bernstein. *Id.* at 93. Dr. Bernstein opined that Dr. Miller failed to follow the standard of care by failing to routinely monitor Tiffany's anticonvulsant blood levels and that this was the major factor

---

1. Larue Carter Hospital settled and is no longer a party to these proceedings.

leading to the seizure that caused her death. *Id.* at 104.

On the following day, September 16, the trial court granted Plaintiffs' second motion for enlargement of time and gave them "up through and including September 15, 2008," which was the previous day, to respond to Dr. Miller's motion for summary judgment. *Id.* at 90. On September 19 Dr. Miller filed a reply in support of his motion for summary judgment as well as a motion to strike Plaintiffs' untimely response. *Id.* at 106. Specifically, Dr. Miller argued that because Plaintiffs filed their second motion for enlargement of time after the September 4 deadline set by the court, pursuant to *Thayer v. Gohil,* 740 N.E.2d 1266 (Ind.Ct.App.2001), *trans. denied,* Plaintiffs could not submit, and the trial court could not consider, Plaintiffs' response to Dr. Miller's motion for summary judgment. Plaintiffs then filed a response to Dr. Miller's motion to strike. *Id.* at 114.

A hearing was held on Dr. Miller's motion for summary judgment on October 15, 2008. On November 10 the trial court issued findings of fact and conclusions of law denying Dr. Miller's motion to strike Plaintiff's response to his motion for summary judgment as well as his motion for summary judgment. This discretionary interlocutory appeal now ensues.

### Discussion and Decision

Dr. Miller argues that the trial court erred in denying his motion for summary judgment because the trial court considered Plaintiffs' belated response to his motion for summary judgment, which is prohibited under Indiana law, and only found a genuine issue of material fact based on that response. Therefore, Dr. Miller asks us to enter summary judgment in his favor.

The law of summary judgment is well established. The purpose of summary judgment under Indiana Trial Rule 56 is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Bushong v. Williamson,* 790 N.E.2d 467, 474 (Ind. 2003). On appeal, our standard of review is the same as that of the trial court: summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Williams v. Riverside Cmty. Corrs. Corp.,* 846 N.E.2d 738, 743 (Ind.Ct.App. 2006), *trans. denied.* We construe all facts and reasonable inferences drawn from those facts in favor of the nonmoving party. *Id.* On appeal, the trial court's order granting or denying a motion for summary judgment is cloaked with a presumption of validity. *Sizemore v. Erie Ins. Exch.,* 789 N.E.2d 1037, 1038 (Ind.Ct.App.2003). A party appealing from an order granting summary judgment has the burden of persuading the appellate tribunal that the decision was erroneous. *Id.* at 1038–39. However, where the facts are undisputed and the issue presented is a pure question of law, we review the matter *de novo. Crum v. City of Terre Haute ex rel. Dep't of Redev.,* 812 N.E.2d 164, 166 (Ind.Ct. App.2004). The trial court entered an order containing findings of fact. This, however, does not change the nature of our review on summary judgment. In the summary judgment context, the entry of specific facts and conclusions aids our review by providing us with a statement of reasons for the trial court's decision, but it has no other effect. *Spears v. Blackwell,* 666 N.E.2d 974, 976 (Ind.Ct.App.1996), *reh'g denied, trans. denied.*

■ The sole issue on appeal is the timeliness of Plaintiffs' response, including Dr. Bernstein's affidavit, to Dr. Miller's motion for summary judgment. In its conclusions of law, the trial court ruled that it

had the discretion to accept Plaintiffs' response even though Plaintiffs' second motion for enlargement of time was not filed within the time limit established by the court.

"Trial Rule 56(C) provides that a party opposing a motion for summary judgment has thirty days to serve a response or any other opposing affidavits." *HomEq Servicing Corp. v. Baker*, 883 N.E.2d 95, 98 (Ind.2008). In addition, Trial Rule 56(I) provides, "For cause found, the Court may alter any time limit set forth in this rule *upon motion made within the applicable time limit.*" (emphasis added).[2] As for whether a trial court has discretion to consider a belated summary judgment response, the Indiana Supreme Court recently settled this issue:

We acknowledge that prior case law has been somewhat inconsistent regarding the authority of a trial judge to consider affidavits filed after the thirty-day deadline in Rule 56(C). *Compare, e.g. Thayer v. Gohil*, 740 N.E.2d 1266, 1269 (Ind. Ct.App.2001), *trans. denied; Markley Enters., Inc. v. Grover*, 716 N.E.2d 559, 563 (Ind.Ct.App.1999), *trans. not sought; Morton v. Moss*, 694 N.E.2d 1148, 1151–52 (Ind.Ct.App.1998), *trans. not sought; Brown v. Banta*, 682 N.E.2d 582, 585 (Ind.Ct.App.1997), *trans. denied; Seufert v. RWB Medical Income Properties I Ltd. Partnership*, 649 N.E.2d 1070, 1073 (Ind.Ct.App.1995), *trans. not sought* (cases requiring adverse party to file within thirty days any opposing affidavits and materials or seek extension of time within which to file same); *with JSV*, 794 N.E.2d at 558; *Farm Credit Servs. v. Tucker*, 792 N.E.2d 565, 569 (Ind.Ct.App.2003), *trans. not sought.* This inconsistency was recently ad-

dressed by the Court of Appeals in *Desai v. Croy*, 805 N.E.2d 844, 849 (Ind.Ct. App.2004), *trans. denied,* which found that the rule precluding late filing had been more consistently followed and provided a bright line rule. The *Desai* court concluded that:

[W]here a nonmoving party fails to respond within thirty days by either (1) filing affidavits showing issues of material fact, (2) filing his own affidavit under Rule 56(F) indicating why the facts necessary to justify his opposition are unavailable, or (3) requesting an extension of time in which to file his response under 56(I), the trial court lacks discretion to permit that party to thereafter file a response. In other words, a trial court may exercise discretion and alter time limits under 56(I) only if the nonmoving party has responded or sought an extension within thirty days from the date the moving party filed for summary judgment.

*Id.* at 850. Any residual uncertainty was resolved in 2005 when we cited *Desai* with approval and declared:

When a nonmoving party fails to respond to a motion for summary judgment within 30 days by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot consider summary judgment filings of that party subsequent to the 30–day period.

*Borsuk v. Town of St. John*, 820 N.E.2d 118, 124 n. 5 (Ind.2005). In *Borsuk*, the party opposing judgment filed an affidavit approximately sixty days after the filing of the motion, and we held that, since the affidavit was untimely filed,

---

**2.** Trial Rule 56(I) was amended effective January 1, 2005. The previous version of Trial Rule 56(I) stated, "The Court, for cause found, may alter any time limit set forth in this rule." *Logan v. Royer*, 848 N.E.2d 1157, 1160 (Ind.Ct.App.2006).

the trial court improperly considered it in determining summary judgment. *Id.* *HomEq*, 883 N.E.2d at 98 (boldface added). As such, our Supreme Court, following *Desai*, has established a bright line rule that prohibits a trial court from considering summary judgment filings after the thirty-day period.

Plaintiffs, however, argue that because they filed their first motion for enlargement of time within thirty days of Dr. Miller's motion for summary judgment in accordance with Trial Rule 56(C), the above holding does not apply to them, and the trial court had the discretion to grant their belated second motion for enlargement of time and could therefore consider their response to Dr. Miller's motion for summary judgment. As Dr. Miller argues, this issue, too, has been decided by the appellate courts.

In *Thayer*, Sharon Thayer filed a complaint for medical negligence against Dr. Gohil. 740 N.E.2d at 1267. On September 9, 1999, Dr. Gohil filed a motion for summary judgment. *Id.* Thayer timely responded by filing a motion for an extension of time to respond to Dr. Gohil's motion for summary judgment, and the trial court granted an extension. *Id.* On October 25, 1999, Thayer filed a second motion for extension of time, and Thayer was given until November 29, 1999, to respond to Dr. Gohil's motion for summary judgment. *Id.* However, on December 1, 1999, Thayer filed her response to Dr. Gohil's motion for summary judgment, including a doctor's affidavit. *Id.* On the same date, Thayer also filed a motion for leave to file her response in which she alleged that she had good cause for not meeting the court's deadline. *Id.* The trial court initially granted Thayer's motion but upon reconsidera-

tion granted Dr. Gohil's motion to strike Thayer's response and affidavit. *Id.* The trial court then granted summary judgment to Dr. Gohil. *Id.*

On appeal, this Court held that not only must a nonmovant file a response or request for a continuance during the initial thirty-day period, but the nonmovant "must also file a response, file an affidavit pursuant to T.R. 56(F), or show cause for alteration of time pursuant to T.R. 56(I) during *any additional period granted by the trial court.*" *Id.* at 1268 (emphasis added). As such, we held that Thayer's noncompliance in failing to show cause for alteration of time before the November 29, 1999, deadline must result in the striking of her untimely response. *Id.*[3] Both *Desai* and *HomEq* cite *Thayer* in their list of cases that preclude late filing, which is the bright line rule that *HomEq* (citing *Desai* with approval) ultimately adopted. Thus, *Thayer* is good law, and for good reason.

■ The rationale behind the rule requiring a nonmoving party to respond to a motion for summary judgment—by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F)—within thirty days does not vanish because the trial court has happened to grant one extension of time. That is, the nonmoving party should not be rewarded and relieved from the restriction of responding within the time limit set by the court because he or she has had the good fortune of one enlargement of time. Therefore, any response, including a subsequent motion for enlargement of time, must be made within the additional period granted by the trial court. The rationale of *HomEq* and the cases leading up to it are not restricted to the initial thirty-day

---

**3.** We acknowledge that the procedural facts of *Thayer* are not identical to those in the present case, but that is neither critical nor dispositive. The procedural facts are substantially similar enough that the holding still applies.

period following the filing of a motion for summary judgment.

Here, the trial court granted Plaintiffs' first motion for enlargement of time and gave them up until September 4, 2008, to respond to Dr. Miller's motion for summary judgment. However, Plaintiffs did not respond to Dr. Miller's motion for summary judgment until six days after that deadline by filing a second motion for enlargement of time on September 10, 2008. In accordance with *HomEq* and *Thayer*, the trial court lacked discretion to grant this extension because Plaintiffs' motion was made after the time for a response had expired. Therefore, the trial court's order granting Plaintiffs' second motion for enlargement of time was a nullity, and the trial court was precluded from considering Plaintiffs' response, which included Dr. Bernstein's affidavit, to Dr. Miller's motion for summary judgment. Because this leaves no evidence to oppose Dr. Miller's motion for summary judgment, which includes the Medical Review Panel's unanimous decision that he did not fail to comply with the appropriate standard of care as charged in the complaint and the conduct complained of was not a factor of the resultant damages, we conclude that the trial court erred by denying his motion for summary judgment.[4] We therefore remand for entry of judgment consistent with this opinion.

Reversed and remanded.

BAILEY, J., BRADFORD, J., concur.

---

4. To the extent that Plaintiffs cite *Indiana University Medical Center v. Logan*, 728 N.E.2d 855 (Ind.2000), in support of their claim that the trial court could properly consider their belated affidavit of Dr. Bernstein, we note that *Logan* is readily distinguishable. *Logan* holds that a trial court can consider a belated affidavit pursuant to Trial Rule 56(E) to supplement a timely-filed affidavit. *Id.* at 859. Here, we have no timely-filed affidavit, so *Logan* does not apply.