## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Jun 02 2015, 8:35 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Delmar P. Kuchaes
Smithville, Indiana

ATTORNEYS FOR APPELLEE

Julia Blackwell Galinas
Jeffrey J. Mortier
Maggie L. Smith
Frost Brown Todd LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Delmar P. Kuchaes,

*Appellant-Plaintiff,*

v.

Public Storage, Inc.,

*Appellee-Defendant.*

June 2, 2015

Court of Appeals Case No.
49A04-1411-PL-545

Appeal from the Marion Superior Court.

The Honorable Timothy W. Oakes, Judge.

Cause No. 49D13-1203-PL-12284

**Riley, Judge**

## STATEMENT OF THE CASE

Appellant-Plaintiff, Delmar P. Kuchaes (Kuchaes), appeals the trial court's Order, ruling on cross-motions for summary judgment in an action concerning the enforcement of a lien by Appellee-Defendant, Public Storage, Inc. (Public Storage).

We reverse and remand for further proceedings.

## ISSUES

Kuchaes raises seven issues on appeal, three of which we find dispositive and which we consolidate and restate as the following two issues:

(1) Whether the trial court erred on procedural grounds by granting Public Storage's motion for summary judgment without considering Kuchaes' response and materials in opposition thereto; and

(2) Whether the trial court erred on procedural grounds by ruling on the parties' cross-motions for summary judgment without first conducting a hearing.

## FACTS AND PROCEDURAL HISTORY

On June 10, 2009, Kuchaes and Public Storage executed a Rental Agreement, under which Kuchaes leased a storage unit from Public Storage's facility in Indianapolis, Indiana, on a month-to-month basis for $64.00 per month. Pursuant to Indiana Code section 26-3-8-11, the Rental Agreement notified Kuchaes that Public Storage would hold a lien against any personal property stored in Kuchaes' unit, which Public Storage could enforce if Kuchaes defaulted on his rental obligation.

Kuchaes paid the rent on his unit from June through November of 2009, after which he did not make any further payments. On February 22, 2010, Public Storage notified Kuchaes that it would be enforcing its lien unless he paid his outstanding balance of $278.00 by March 26, 2010. Kuchaes did not comply, so on March 26, 2010, Public Storage auctioned the contents of his storage unit for $515.00. On March 26, 2012, Kuchaes filed a Complaint, alleging that Public Storage had breached the Rental Agreement and acted negligently in selling his personal property. Even though the Rental Agreement stipulated that the value of the stored property should not exceed $5,000, Kuchaes sought $25,000 to replace his property, as well as treble and punitive damages.

On July 31, 2014, Public Storage filed a motion for summary judgment, arguing that it was entitled to judgment as a matter of law because it held a valid and enforceable lien at the time Kuchaes' property was sold. On August 11, 2014, Kuchaes filed his own motion for partial summary judgment, asserting that Public Storage had failed to comply with both Indiana law and its standard operating procedure in the foreclosure of its lien. Then, on September 2, 2014, Kuchaes filed his response to Public Storage's summary judgment motion, along with his designation of evidence and opposing affidavit. Kuchaes also filed a motion requesting a hearing on the parties' cross-motions. On September 3, 2014, the trial court issued an Order, summarily granting Public Storage's motion for summary judgment and denying Kuchaes' motion for partial summary judgment. On October 1, 2014, Kuchaes filed a motion to correct error, which the trial court denied on November 3, 2014.

Kuchaes now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

Summary judgment is a mechanism for terminating litigation "about which there can be no actual dispute and which may be determined as a matter of law." *Miller v. Yedlowski*, 916 N.E.2d 246, 249 (Ind. Ct. App. 2009), *trans. denied*. On appeal, we use the same standard of review as that used by the trial court—that is, summary judgment is only appropriate if the evidence reveals that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* (citing Ind. Trial Rule 56(C)). The trial court's ruling "is cloaked with a presumption of validity." *Id.* Pure questions of law are reviewed *de novo*, and we construe all facts and reasonable inferences in favor of the non-moving party. *Id.* The burden is on the party appealing the summary judgment to persuade our court that the trial court's decision is erroneous. *Id.*

### II. *Response to Summary Judgment Motion*

Kuchaes claims that the trial court procedurally erred by granting Public Storage's summary judgment motion without considering his response in opposition thereto. Subsequent to the filing of a summary judgment motion, the "adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits." T.R. 56(C). Because Public Storage filed its summary judgment motion on July 31, 2014, Kuchaes was required "to

serve a response or any other opposing affidavits" no later than September 2, 2014.[1] *HomEq Servicing Corp. v. Baker*, 883 N.E.2d 95, 98 (Ind. 2008).

[10] On September 2, 2014, Kuchaes submitted his response and designated materials in opposition to Public Storage's summary judgment motion by certified mail. *See* T.R. 5(F)(3) (providing that a pleading, motion, or other paper is considered "filed" with the court at the time it is "[m]ail[ed] to the clerk by registered, certified or express mail return receipt requested"). Therefore, we find that Kuchaes filed his response within the thirty-day timeframe. However, the trial court did not actually receive Kuchaes' filing until September 4, 2014— one day after it issued its Order on the cross-motions. It is well established that the trial court "must be aided in the summary process by the parties' specific designations of supporting evidentiary matter." *State ex rel. Corll v. Wabash Cir. Ct.*, 631 N.E.2d 914, 916 (Ind. 1994). Kuchaes' timely-filed designated materials were necessary to an evaluation of whether a genuine issue of material fact existed; thus, the trial court's Order was premature.

[11] We recognize that the trial court's determination was likely based, in part, on a review of the designated materials that Kuchaes filed on August 11, 2014, in support of his partial summary judgment motion. Nevertheless, a cross-motion

---

[1] The thirty-day mark actually fell on August 30, 2014—a Saturday. Pursuant to Trial Rule 6(A), the filing deadline was extended "until the end of the next day that is not a Saturday, a Sunday, a legal holiday, or a day on which the office is closed." Because the following Monday, September 1, 2014, was Labor Day—a legal holiday as defined by Indiana Code section 1-1-9-1—Kuchaes had until Tuesday, September 2, 2014, to timely file his response.

for summary judgment is not a response to an adverse party's summary judgment motion as contemplated by Trial Rule 56(C). Rather, when cross-motions for summary judgment are filed, the trial court must dispose of them separately—deciding for *each* motion whether the moving party is entitled to judgment as a matter of law and construing all facts in a light most favorable to the non-moving party. *See Sargent v. State*, 27 N.E.3d 729, 732 (Ind. 2015). Accordingly, the trial court should not have granted or denied either summary judgment motion until the respective adverse party had been afforded thirty days to respond. Because Kuchaes filed his response within the requisite time, we conclude that the trial court erred by entering summary judgment for Public Storage without considering Kuchaes' opposing brief, affidavit, and other designated materials.

### III. *Denial of Hearing*

Kuchaes also claims that the trial court erred by ruling on the parties' cross-motions without first conducting a hearing. In general, Trial Rule 56(C) gives a trial court discretion to conduct a hearing on a summary judgment motion. However, the court "is required to conduct a summary judgment hearing when a party requests a hearing 'no later than ten (10) days after the response was filed or was due.'" *Mesa v. State*, 5 N.E.3d 488, 494 (Ind. Ct. App. 2014) (quoting T.R. 56(C)), *reh'g denied, trans. denied*. "Prejudice is presumed when a trial court fails to follow the mandates within Trial Rule 56 regarding the scheduling of a time for a hearing." *Id.*

[13] In this case, Kuchaes filed his response to Public Storage's motion for summary judgment on September 2, 2014. As such, either party had until September 12, 2014, to file a motion for a hearing. With respect to Kuchaes' motion for summary judgment filed on August 11, 2014, Public Storage could have filed a response until September 10, 2014, and either party could have requested a hearing on Kuchaes' motion at any time prior to September 22, 2014 (the actual ten-day mark, September 20, 2014, fell on a Saturday). Thus, Kuchaes' September 2, 2014 motion was a timely request for a hearing on both motions.

[14] Public Storage concedes that Trial Rule 56(C) requires a summary judgment hearing when it is requested. Nevertheless, it contends that the trial court properly declined to hold a hearing "under the specific facts of this case." (Appellee's Br. p. 22). Specifically, Public Storage argues that when the trial court issued its Order, it considered Kuchaes' cross-motion and supporting materials, which were incorporated into Kuchaes' subsequent response to Public Storage's motion. We are not persuaded by this argument. As already noted, Kuchaes' cross-motion was an independent motion and not a response to Public Storage's summary judgment motion. *See Sargent*, 27 N.E.3d at 732. The fact that both cross-motions "informed the trial court that there were no genuine issues of fact" is insignificant because "a moving party 'concedes and affirms that there is no issue of fact only for purposes of his own motion.'" *In re Garden & Turf Supply Corp.*, 440 N.E.2d 710, 719 (Ind. Ct. App. 1982); (Appellee's Br. p. 22). Furthermore, contrary to Public Storage's assertion, Kuchaes designated different evidentiary materials to oppose Public Storage's

motion than he had relied upon in support of his own motion. Our supreme court has previously emphasized that "the clear explicit dictates of the Indiana Rules of Trial Procedure" must be obeyed. *Mesa*, 5 N.E.3d at 494 (quoting *Otte v. Tessman*, 426 N.E.2d 660, 661 (Ind. 1981)). Accordingly, we conclude that the trial court erred in granting Public Storage's summary judgment motion and denying Kuchaes' partial summary judgment motion without a hearing.

## CONCLUSION

Based on the foregoing, we conclude that the trial court erred in granting Public Storage's motion for summary judgment without considering Kuchaes' response and materials in opposition thereto. We further conclude that the trial court erred by ruling on the parties' cross-motions for summary judgment without conducting a hearing as requested by Kuchaes. Accordingly, we remand with instructions for the trial court to conduct a hearing on both summary judgment motions and to consider all of the parties' timely-filed materials in ruling on Public Storage's motion for summary judgment.[2]

Reversed and remanded for further proceedings.

Bailey, J. and Barnes, J. concur

---

[2] Public Storage requests that, pursuant to Indiana Appellate Rule 37(A), our court temporarily stay the appeal while the trial court conducts a hearing and issues a new order. This we cannot do. Appellate Rule 37(A) requires the party to file a verified motion which "demonstrate[s] that remand will promote judicial economy or is otherwise necessary for the administration of justice." No such motion was filed here, and we decline to retain jurisdiction or otherwise limit the trial court's authority on remand. *See* App. R. 37(B). Because we remand to the trial court, we do not reach the parties' arguments concerning the merits of their respective summary judgment motions.