FILED

Aug 28 2023, 9:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Courtney David Mills
Patrick S. McCarney
Alexis R. Jenkins
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Edward R. Moor
Chicago, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

James Andry,

*Appellant-Defendant,*

v.

Leo Thorbecke,

*Appellee-Plaintiff*

August 28, 2023

Court of Appeals Case No.
22A-CT-2942

Appeal from the Monroe Circuit
Court

The Honorable Holly M. Harvey,
Judge

Trial Court Cause No.
53C06-2208-CT-1751

**Opinion by Chief Judge Altice**
Judges May and Foley concur.

**Altice, Chief Judge.**

## Case Summary

In this interlocutory appeal, James M. Andry, M.D. challenges a ruling by the

trial court that permitted Leo B. Thorbecke, as administrator of the estate of his

deceased wife Chrystyna, to file a response to Dr. Andry's motion for summary judgment two days after it was due.

[2] We reverse and remand.

## Facts & Procedural History

[3] Chrystyna died from heat stroke in June 2019, and Thorbecke subsequently alleged that her death stemmed from Dr. Andry's medical malpractice. The Medical Review Panel (the Panel) rendered a decision in favor of Dr. Andry on Thorbecke's proposed complaint. Then, on August 30, 2022, Thorbecke timely filed a complaint for damages with the trial court.

[4] On September 15, 2022, Dr. Andry filed a motion for summary judgment (MSJ) based on the Panel's unanimous decision in his favor and Thorbecke's lack of contrary expert evidence. Thorbecke responded on September 19 with a "Motion to Strike, or in the Alternative, to Enter and Continue Defendant's Motion for Summary Judgment Until Discovery is Initiated and Completed" (Motion to Strike). *Appellant's Appendix* at 53. In the Motion to Strike, Thorbecke indicated that he had experts but preferred not to disclose these experts' opinions to the defense prior to discovery being conducted. Relevant here, Thorbecke acknowledged that under Ind. Trial Rule 56(C) he had thirty days from September 15 to respond to the MSJ, but he asked for the trial court to alter this time limit by its authority under T.R. 56(I):

> Plaintiffs asks that the motion for summary judgment be entered
> and continued until the initiation and completion of discovery in

this case. The Court has the discretion to "alter any time limit set forth in this rule" in addressing a motion for summary judgment. [T.R.] 56(I). Defendant was fully aware that Plaintiff … intended to disclose experts in the normal course of discovery. In addition, Plaintiff asks that the Court order the parties to confer and submit a case management order specifying discovery deadlines, including the deadlines for dispositive motions….

*Appellant's Appendix* at 56.

[5] The next day, Dr. Andry filed a response, arguing that Thorbecke was "essentially asking for an indefinite extension of time to respond to Defendant's MSJ pursuant to Trial Rule 56(I)" and that such an extension should be denied for lack of good cause. *Id*. at 75. Dr. Andry also asserted that the delay would serve no purpose because Thorbecke claimed to have experts and could respond to the MSJ.

[6] On September 23, the trial court denied the Motion to Strike. Though the order indicated that it was being distributed "Via E-Service," no email notice was sent to Thorbecke's counsel. *Id*. at 80. The order was entered on the Chronological Case Summary (CCS) with service to the parties indicated as follows:

| | |
|---|---|
| 09/23/2022 | 📄 Order Denying Motion to Strike<br>Order Signed: 09/23/2022<br>*Order Denying Plaintiff's Motion to Strike issued to counsel of record by e-notification.*<br>kb |
| 09/24/2022 | Automated Paper Notice Issued to Parties<br>*Order Denying Motion to Strike ---- 9/23/2022 : Edward R. Moor* |
| 09/24/2022 | Automated ENotice Issued to Parties<br>*Order Denying Motion to Strike ---- 9/23/2022 : Courtney David Mills* |

*Id*. at 4.

[7] Thorbecke's counsel first learned of the denial on October 19, when he accessed the online docket for another purpose. As a result, that evening, Thorbecke filed his response to the MSJ (Response). Included in his designated evidence were two affidavits from physicians opining that Dr. Andry breached the standard of care and that the breaches, to a reasonable degree of medical certainty, caused Chrystyna's death.

[8] The next morning, October 20, Dr. Andry moved to strike the Response, as it was filed two days after the thirty-day deadline established in T.R. 56(C). This resulted in a flurry of filings by the parties that day, with more on October 24. Thorbecke's verified filings acknowledged the untimeliness but asked the trial court to accept the Response because counsel had not received notice of the denial of the Motion to Strike and had been waiting for the ruling, admittedly neglecting to calendar the deadline for responding to the MSJ.[1] Upon belatedly discovering the denial of the Motion to Strike, Thorbecke filed the Response that same day.

[9] Dr. Andry objected and argued that the trial court had no discretion to grant Thorbecke leave to file the belated Response. He asserted that the bright-line

---

[1] Thorbecke's counsel verified that he contacted the Circuit Court Clerk and the trial court's assistant and learned that "the mycase.IN.gov system did not contain his email address," despite counsel having provided it when he registered to use the system. *Id.* at 122. Counsel then "called the Office of Court Technology to get this issue fixed." *Id.*

rule established by caselaw precluded the consideration of untimely filed summary judgment documents regardless of the circumstances.

[10] On November 9, 2022, the trial court issued the order now being appealed:

> Court reviews file and available information related to e-notification. Due to a technical error, whose origin cannot be ascertained, the Court grants leave to Plaintiff to file the Response to Motion for Summary Judgment filed October 19, 2022. Defendant shall have to and including November 25, 2022 in which to file a Reply Brief.

*Id*. at 10. On Dr. Andry's motion, the trial court certified the order for interlocutory appeal. This court accepted jurisdiction of the interlocutory appeal on January 13, 2023.

## Discussion & Decision

[11] Pursuant to T.R. 56(C), "[a]n adverse party shall have thirty (30) days after service of the [summary judgment] motion to serve a response and any opposing affidavits." There is, however, leeway built into T.R. 56:

> **(F) When affidavits are unavailable**. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

***

**(I) Alteration of Time**. For cause found, the Court may alter any time limit set forth in this rule upon motion made within the applicable time limit.

"Apart from the text of Rule 56 itself, our case authority has established the procedure governing the admissibility of evidence that may be considered on a motion for summary judgment." *Mitchell v. 10th & The Bypass, LLC*, 3 N.E.3d 967, 972 (Ind. 2014). The following bright-line rule is well established:

> When a nonmoving party fails to respond to a motion for summary judgment within 30 days by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot consider summary judgment filings of that party subsequent to the 30-day period.

*Id.* (quoting *HomEq Servicing Corp. v. Baker*, 883 N.E.2d 95, 98-99 (Ind. 2008)). "In other words, a trial court may exercise discretion and alter time limits under 56(I) only if the nonmoving party has responded or sought an extension within thirty days from the date the moving party filed for summary judgment." *Desai v. Croy*, 805 N.E.2d 844, 850 (Ind. Ct. App. 2004), *trans. denied*; *see also Starks Mech., Inc. v. New Albany-Floyd Cnty. Consol. Sch. Corp.*, 854 N.E.2d 936, 940 (Ind. Ct. App. 2006) ("Thus, even though Starks was merely one day late, *Desai* stands for the proposition that the trial court had no discretion to allow Starks to file its response and designated evidence.").

Further, where a nonmovant timely seeks and obtains an extension of time to respond, the bright-line rule continues to apply to the new filing deadline. *See*

*E. Point Bus. Park, LLC v. Priv. Real Est. Holdings, LLC*, 49 N.E.3d 589, 600 (Ind. Ct. App. 2015) (holding that "once the already-extended deadline had passed, the trial court had no discretion to further extend it"). "That is, not only must a nonmovant file a response or request for a continuance during the initial thirty-day period, but the nonmovant must also file a response, file an affidavit pursuant to T.R. 56(F), or show cause for alteration of time pursuant to T.R. 56(I) during any additional period granted by the trial court." *Id*. at 599-600 (internal quotation marks omitted) (quoting *Miller v. Yedlowski*, 916 N.E.2d 246, 251 (Ind. Ct. App. 2009), *trans. denied*). We have explained that the rationale behind the bright-line rule "does not vanish because the trial court has happened to grant one extension of time," as "the nonmoving party should not be rewarded and relieved from the restriction of responding within the time limit set by the court because he or she has had the good fortune of one enlargement of time." *Miller*, 916 N.E.2d at 251.

[14] In sum, the bright-line rule is that "a trial court may not consider untimely filed materials opposing summary judgment." *HomEq Servicing Corp.*, 883 N.E.2d at 96. This is true regardless of the circumstances. *See Booher v. Sheeram, LLC*, 937 N.E.2d 392, 395 (Ind. Ct. App. 2010) ("Our proverbial hands are tied, however, inasmuch as our Supreme Court has made it clear that the trial court simply had no discretion to accept the untimely filed documents, regardless of the circumstances."), *trans. denied*.

[15] Thorbecke does not dispute that he responded to the MSJ late, but he seeks to avoid the bright-line rule by arguing that, under Ind. Trial Rule 72(E), the trial

court had discretion to extend the response deadline due to the failed service of the order denying the Motion to Strike. He argues that affirming the trial court on the facts here would have no impact on the general application of the bright-line rule "because none of the cases that either formulated or applied the rule involved an occasion for the trial court to exercise its discretion to fix a notice problem for good cause." *Appellee's Brief* at 10.

T.R. 72(D) imposes two duties on trial court clerks: 1) upon the notation in the CCS of a ruling on a motion, an order, or a judgment, immediately serve a copy of the entry on each party[2] and 2) make a record of such service. "The CCS constitutes that record." *Penley v. Penley*, 145 N.E.3d 874, 878 (Ind. Ct. App. 2020).

T.R. 72(E) is the "sole vehicle" for a party to obtain relief when seeking to extend a filing deadline based on a claim that the clerk failed to properly serve an order. *See Penley*, 145 N.E.3d at 878 (quoting *Collins v. Covenant Mut. Ins. Co.*, 644 N.E.2d 116, 117 (Ind. 1994)). It provides:

> **Effect of Lack of Notice**. Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section. When the service of a copy of

---

[2] Service shall comply with Ind. Trial Rule 5(B), which allows for service by personal delivery, mailing, or electronic means. Further, pursuant to T.R. 72(B), service at either counsel's mailing address or electronic mail address "shall be deemed sufficient."

the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

In other words, if the CCS is clear on its face that notice was sent – either by mail or electronically – then a challenge is precluded even if counsel did not actually receive such notice. *See Markle v. Ind. State Tchrs. Ass'n*, 514 N.E.2d 612, 614 (Ind. 1987) ("If the docket book is clear on its face that notice was mailed, then such a challenge is precluded."); *Collins*, 644 N.E.2d at 117-18 ("Trial Rule 72(E) plainly states that only if the CCS does not contain evidence that a copy of the court's entry was sent to each party may a party claiming not to have received such notice petition the trial court for an extension of time to initiate an appeal."); *Penley*, 145 N.E.3d at 879 ("Trial Rule 72(E) applies where the CCS does not contain evidence that a copy of the trial court's order was sent to each party.").

[18]   Here, the CCS plainly indicates that service of the order denying the Motion to Strike was mailed to Thorbecke's counsel the day it was issued.[3]  It is of no

---

[3] Thorbecke appears to cite to *Taylor v. State*, 939 N.E.2d 1132, 1136 (Ind. Ct. App. 2011) for the proposition that the CCS entry must indicate the address to which the order was mailed.  *Taylor* does not so hold, and the circumstances in that case are not like this case.  *See id.* at 1136-37 (CCS was "riddled with inaccuracies" and though pro se petitioner had notified court of new mailing address, CCS did not affirmatively show notice of

moment that notice was sent by mail rather than electronically. *See* T.R. 72(B). Thus, even if T.R. 72(E) could apply to extend the deadline for a summary judgment response, which Dr. Andry disputes,[4] Thorbecke cannot obtain such relief because the CCS sufficiently demonstrates that notice of the order was mailed. *See Collins,* 644 N.E.2d at 118 (service evidenced by note in the CCS and so the trial court erred in granting relief under T.R. 72(E)).

[19]    In sum, the trial court lacked authority to deviate from the bright-line rule requiring the timely filing of materials opposing summary judgment, and T.R. 72(E) offers no relief to Thorbecke under the circumstances presented. Accordingly, we reverse the trial court's order of November 9, 2022, which improperly granted Thorbecke leave to file his untimely response, and remand for further proceedings on the MSJ in which the trial court may not consider the late filings.

[20]    Reversed and remanded.

---

the change, CCS reflected that a subsequent order was sent to the old address, and CCS did not indicate which address was used when notice of the denial of post-conviction relief was mailed to petitioner).

[4] Dr. Andry argues that the rule is inapplicable in this instance because Thorbecke was not seeking an extension of time to contest the order denying the Motion to Strike but, rather, sought leave to belatedly respond to an entirely separate motion, the MSJ. Further, Dr. Andry contends that the alleged failure to serve the order denying the Motion to Strike did not cause Thorbecke to miss the summary judgment response deadline, which was known to Thorbecke and at all times remained October 17, 2022. *Cf. McGuire v. Century Sur. Co.*, 861 N.E.2d 357, 360 (Ind. Ct. App. 2007) (rejecting claim that belated denial of motion for extension of time to respond to summary judgment resulted in a due process violation because counsel should not have assumed the motion would be granted and "without having received immediate notice from the trial court that the motion would be granted, counsel should have assumed it would be denied and acted accordingly").

May, J. and Foley, J., concur.