**JSV, INC., an Indiana Corporation, and Mark Kennedy, an Individual, Appellants–Defendants,**

v.

**HENE MEAT COMPANY, INC., Appellee–Plaintiff.**

No. 49A02–0210–CV–821.

Court of Appeals of Indiana.

Aug. 29, 2003.

---

Mark Kennedy, Atlanta, GA, Appellant Pro Se.

Stephen P. Kenley, Mitchell Hurst Jacobs & Dick, LLP, Indianapolis, IN, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Mark Kennedy appeals the trial court's grant of summary judgment in favor of Hene Meat Company ("Hene") in Hene's action to recover on a lease guaranty that Kennedy executed. We affirm.

### Issues [1]

We restate and reorder the issues that Kennedy has adequately raised in his brief as:

I. whether the trial court erred in striking his untimely summary judgment response and supporting materials;

II. whether the trial court properly denied his motion to dismiss; and

III. whether the trial court erred in granting summary judgment in favor of Hene.

### Facts

On August 30, 1999, JSV, Inc. ("JSV") signed a lease to rent a portion of a building in Indianapolis from Hene. Kennedy signed the lease on behalf of JSV as one of that corporation's officers. In addition, Kennedy signed a document simply denominated "GUARANTY." Appellant's App. p. 30. The document indicated that it was "an absolute and unconditional guaranty" of the lease's performance by JSV and that the guaranty would not be affected by any modifications or alterations of the lease. *Id.* at 30–31. Kennedy's printed name and signature on the document are not followed by any corporate officer designation.

---

1. Kennedy's "Statement of Issues" lists seven issues, but he only makes four separate arguments. One of these, his claim that the trial court erred in not ruling on his motion to dismiss, is not clear insomuch as the trial court's order denying the motion to dismiss is in Kennedy's appendix and is also reflected in the chronological case summary.

JSV stopped paying rent to Hene in September 2000. On June 5, 2001, Hene sued both JSV under the lease and Kennedy under the guaranty. Hene mailed a summons and copy of the complaint to Kennedy's last known address in Georgia, and also sent a process server to Georgia who posted the summons and complaint at that address.

On April 16, 2002, Hene moved for summary judgment. Kennedy's first response to this motion came on August 27, 2002, when he attempted to file designated evidence that included affidavits by himself and JSV's president, Joseph S. Vuskovich. At the summary judgment hearing conducted on September 3, 2002, the trial court granted Hene's motion to strike this response. On September 9, 2002, the trial court denied Kennedy's motion to dismiss Hene's complaint, which had alleged, inter alia, that he had never been properly served. On that same day, the trial court also granted Hene's summary judgment motion and entered judgment against both JSV and Kennedy personally for the sum of $75,041.07. Kennedy alone now appeals.

## Analysis

### I. Striking of Kennedy's Summary Judgment Response

Kennedy's first argument is that the trial court erred in striking his response to Hene's summary judgment motion on the basis that it was untimely. Kennedy cites to *Larr v. Wolf*, 451 N.E.2d 664, 666 (Ind. Ct.App.1983), for the proposition that under Indiana Trial Rule 56, a summary judgment response may be filed up until the day before a summary judgment hearing. *Larr*, however, was decided under a previous version of Rule 56. That rule was amended in 1991 to provide that a party has thirty days after the service of a summary judgment motion to file a response to that motion. *See* Ind. Trial Rule 56(C); *Tannehill v. Reddy*, 633 N.E.2d 318, 320 (Ind.Ct.App.1994), *trans. denied.*

It is undisputed that Kennedy did not file his response to Hene's summary judgment motion until well after thirty days after that motion was served, nor did Kennedy ever move for an extension of time to file a response. We acknowledge the existence of some split in authority as to whether a trial court has the discretion to allow a party to file an untimely summary judgment response. *Compare Thayer v. Gohil*, 740 N.E.2d 1266, 1267–68 (Ind.Ct. App.2001), (holding that where there has been no timely response or designation of materials in opposition to a summary judgment motion, the trial court has no discretion to consider untimely-filed materials), *trans. denied with Stemm v. Estate of Dunlap*, 717 N.E.2d 971, 974 (Ind.Ct.App. 1999) (holding trial court had discretion to consider summary judgment response not filed until after summary judgment had already been granted). Nevertheless, even if the trial court had the discretion in this case to consider Kennedy's untimely summary judgment response, it certainly was not required to do so, especially because Kennedy has not shown the existence of "cause" for extending the thirty-day deadline under Indiana Trial Rule 56(I).

Kennedy, who proceeded pro se below and now on appeal, posits in his brief that the trial rules "are so complex and so hard to figure out and so hard to comply with that a substantial compliance" with the rules ought to suffice. Appellant's Br. p. 19. We disagree that the thirty-day deadline for filing a summary judgment response, which is clearly set out in Rule 56, is overly complex. Also, if that deadline was difficult to comply with, Kennedy could have moved for an extension of time to file a response. Finally, "[a] litigant

who chooses to proceed pro se will be held to the same established rules of procedure as trained legal counsel." *Wright v. Elston,* 701 N.E.2d 1227, 1231 (Ind.Ct.App. 1998), *trans. denied* (1999). Kennedy's failure to file a timely summary judgment response as required by Rule 56 cannot be excused by the fact that he was proceeding pro se.

### II.  Denial of Motion to Dismiss

■■■ Kennedy next argues that the trial court erred in denying his motion to dismiss in which he alleged, apart from his substantive claims regarding the guaranty, that the trial court never obtained jurisdiction over him because he was never properly served. To the extent Kennedy is making a personal jurisdiction argument, once a defendant challenges the lack of personal jurisdiction, the plaintiff must present evidence to show that there is personal jurisdiction over the defendant. *Anthem Ins. Cos. v. Tenet Healthcare Corp.,* 730 N.E.2d 1227, 1231 (Ind.2000). However, the defendant ultimately bears the burden of proving the lack of personal jurisdiction by a preponderance of the evidence, unless the lack of jurisdiction is apparent on the face of the complaint. *Id.* A trial court acquires personal jurisdiction over a nonresident defendant when a summons is served in the manner provided for in Indiana Trial Rule 4.4(B).[2] *LaPalme v. Romero,* 621 N.E.2d 1102, 1104 (Ind.1993).

■■■ Hene presented evidence in the form of an affidavit of service that it served Kennedy, a Georgia resident, with a summons and a copy of the complaint by sending a process server to Kennedy's last known address, who posted the summons and complaint conspicuously at that address and then mailed a copy of the summons and complaint to that address. This complied with the method of service permitted by Indiana Trial Rule 4.1(A)(3) and (B), which in turn is one of the methods of service on nonresident defendants permitted by Rule 4.4(B). Additionally, the summons clearly identifies Kennedy as "an individual" defendant separate from JSV. Appellee's App. p. 42. Throughout these proceedings, Kennedy has never argued or presented any evidence, even in the designated summary judgment evidence that the trial court properly struck, that the address identified as Kennedy's by Hene in the summons and affidavit of service was not in fact Kennedy's "dwelling house or usual place of abode" as required by Rule 4.1(A)(3). That being the case, Kennedy failed to prove that he was not properly served in this manner and, therefore, failed to prove that the trial court lacked jurisdiction over his person. The trial court properly denied Kennedy's motion to dismiss.

### III.  Grant of Summary Judgment

■■■ The final argument of Kennedy's that we address is whether the trial court erred in granting summary judgment in favor of Hene on its claim that Kennedy was personally liable under the guaranty he executed. Our standard of review of the grant or denial of a motion for summary judgment is the same as that used in the trial court: summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and that the moving party is entitled

2.  Kennedy's brief argument on the personal jurisdiction question is not entirely clear as to whether he is claiming he had sufficient contacts with Indiana to establish personal jurisdiction or if personal jurisdiction is lacking because of insufficiency of service of process.

We treat this issue as an insufficient service question, given Kennedy's statement at the beginning of his argument, "Service of Process was not obtained by The Hene Meat Company on Mark Kennedy as a defendant...." Appellant's Br. p. 20.

to judgment as a matter of law. *Allen v. Great American Reserve Ins. Co.*, 766 N.E.2d 1157, 1161 (Ind.2002). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Id.*

"The interpretation of a guaranty is governed by the same rules applicable to other contracts." *Kordick v. Merchants Nat'l Bank & Trust Co.*, 496 N.E.2d 119, 123 (Ind.Ct.App.1986). Absent ambiguity, the terms of a contract will be given their plain and ordinary meaning and will not be considered ambiguous solely because the parties dispute the proper interpretation of the terms. *Ferrell v. Dunescape Beach Club Condominiums Phase I, Inc.*, 751 N.E.2d 702, 709 (Ind.Ct.App.2001). "Generally, construction of a written contract is a question of law for the trial court for which summary judgment is particularly appropriate." *Id.* Whenever summary judgment is granted based upon the construction of a written contract, the trial court has either determined as a matter of law that the contract is not ambiguous or uncertain, or that the contract ambiguity, if one exists, can be resolved without the aid of a factual determination. *Id.*

We conclude that the guaranty Kennedy executed was unambiguously a personal guaranty, notwithstanding the fact that the word "personal" does not appear in the document. It is axiomatic under Indiana law that a guaranty agreement must consist of three parties: the obligor, the obligee, and the surety or guarantor. *See, e.g., Smith v. McLeod Distributing, Inc.*, 744 N.E.2d 459, 465 (Ind.Ct.App.2000). Here, Hene as landlord under the lease was the obligee and JSV as the tenant was the obligor; the disputed issue is the identity of the guarantor. Kennedy claims he signed both the lease *and* the guaranty as an officer of JSV.

However, there would have been no point in Hene's obtaining Kennedy's guaranty of the lease if he was doing so only in his official capacity as an officer of JSV. Such an action would have been equivalent to JSV guaranteeing JSV's performance of the lease and to JSV being both the obligor under the lease and the guarantor under the guaranty. As we have previously held in a factually similar case, such a result would be paradoxical and untenable. *Kordick*, 496 N.E.2d at 124. In *Kordick*, we concluded that where a corporate officer executed a guaranty with respect to credit extended to the corporation, the guaranty was a personal one and the officer personally was the guarantor despite the fact that the officer placed his corporate title after his signature on the guaranty. *Id.* We further concluded that this was apparent as a matter of law and summary judgment on the issue was appropriate. *Id.* at 125. In this case, the guaranty is even more clearly a personal one than was the case in *Kordick* because Kennedy's signature thereon is not followed by any corporate officer designation. The trial court did not err in concluding that the guaranty Kennedy executed was a personal one as a matter of law and in granting summary judgment against Kennedy personally.[3]

---

3. Kennedy also asserted in his properly-stricken affidavit that he was misled by a representative of Hene into believing that he was only signing the guaranty in his capacity as an officer of JSV. Even if we were to consider this implied claim of fraud, Hene correctly notes that where the parties are not in a fiduciary relationship, "one contracting party has no right to rely upon the statements of the other as to the character or contents of a written instrument." *Biberstine v. New York Blower Co.*, 625 N.E.2d 1308, 1316 (Ind.Ct. App.1993). Kennedy also claims that Hene materially altered the terms of the lease, thus

## Conclusion

The trial court did not err in striking Kennedy's untimely summary judgment response or in denying his motion to dismiss. Additionally, it properly concluded that Kennedy was personally liable to Hene on the guaranty he executed for any breach of the underlying lease by JSV. We affirm.

Affirmed.

DARDEN, J., and MAY, J., concur.

discharging his obligation as guarantor. *See S–Mart, Inc. v. Sweetwater Coffee Co.*, 744 N.E.2d 580, 586 (Ind.Ct.App.2001), *trans. denied.* There was no evidence or argument before the trial court to support such a claim, not even in the stricken materials that Kennedy submitted, and so any such argument is now waived. *See GKC Indiana Theatres, Inc. v. Elk Retail Investors, LLC.*, 764 N.E.2d 647, 651 (Ind.Ct.App.2002).