**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jul 08 2014, 9:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:
STEPHEN L. ESLINGER
South Bend, Indiana

ATTORNEY FOR APPELLEE:
MARK J. PHILLIPOFF
Jones Obenchain, LLP
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUBILEE INVESTMENT CORP., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1401-CC-10 |
| | ) | |
| BJ THOMPSON ASSOCIATES, INC. | ) | |
| and BJ THOMPSON, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ST. JOSEPH CIRCUIT COURT
The Honorable Michael G. Gotsch, Judge
Cause No. 71C01-1212-CC-02152

**July 8, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Jubilee Investments Corp. (Landlord) appeals the entry of summary judgment in favor of BJ Thompson (Thompson). Jubilee presents three issues on appeal, which we consolidate and restate as follows: Did Thompson, the president and sole shareholder of BJ Thompson Associates, Inc. (Tenant), execute a personal guaranty of the commercial lease between Landlord and Tenant?

We affirm.

In May 2007, Landlord entered into a one-year lease with Tenant for the rental of an office in a commercial building. Tenant held over on the lease for a number of years. On August 31, 2012, Tenant moved out of the office and stopped paying rent. Landlord claimed there were nine months remaining on the lease and filed suit against Tenant and Thompson on December 5, 2012. Landlord's claim against Thompson (the president and sole owner of Tenant) was based on a personal guaranty allegedly contained in the lease.

The ten-page lease contained the following language at paragraph 21:

> Guaranty of Performance
> Inconsideration [sic] of the making of the above Lease by LANDLORD wit [sic] TENANT at the request of *the undersigned Guarantor*, and in reliance by LANDLORD on this guaranty the Guarantor hereby guarantees as its own debt, the payment of the rent and all other sums of money to be paid by TENANT, and the performance by TENANT of all the terms, conditions, covenants, and agreements of the Lease, and the undersigned promises to pay all LANDLORD'S costs, expenses, and reasonable attorney's fees (whether for negotiations, trial, appellate or other legal services), incurred by LANDLORD in enforcing this guaranty, and LANDLORD shall not be required to first proceed against TENANT before enforcing this guaranty. In addition, the Guarantor further agrees to pay cash the present cash value of the rent and other payments stipulated in this Lease upon demand by LANDLORD following TENANT being adjudged bankrupt or insolvent, or if a receiver or trustee in bankruptcy shall be appointed, or if TENANT makes an assignment for the benefit of creditors.

*Appellant's Appendix* at 22 (emphasis supplied).

At the conclusion of the contract, "LANDLORD and TENANT" executed the lease. *Id*. at 23. The signature lines are reproduced below:

JUBILEE INVESTMENT CORP.

By: _____

Date ___5/24/07___

2423 Peddler's Village Road
Goshen, IN. 46526

LANDLORD

BJ Thompson Associates, Inc.

By: _____

Date ___4/16/07___

4702 Lincoln Way East
Mishawaka, IN. 46544

TENANT

*Id*. There was no signature line for the Guarantor, and no separate guaranty agreement was executed.

On September 13, 2013, Thompson moved for summary judgment claiming that he had not signed a guaranty and was not personally obligated under the lease. Following a hearing, the trial court granted summary judgment in favor of Thompson on January 10, 2014, leaving only the claim against Tenant. Shortly thereafter, the parties entered into a stipulation dismissing Tenant as a party to this case. Landlord now appeals the entry of summary judgment in favor of Thompson.

Upon review of the grant of a motion for summary judgment, we stand in the shoes of the trial court. *Alva Elec., Inc. v. Evansville-Vanderburgh School Corp*., 7 N.E.3d 263 (Ind. 2014). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The parties agree that the instant dispute involves only a question of law (that is, construction of a contract), for which summary judgment is particularly suited. *See JSV, Inc. v. Hene Meat Co., Inc*., 794 N.E.2d 555 (Ind. Ct. App 2003).

3

A guaranty is a collateral agreement representing a promise by the guarantor to pay for the debt, default, or miscarriage of another. *Grabill Cabinet Co., Inc. v. Sullivan*, 919 N.E.2d 1162 (Ind. Ct. App. 2010). The interpretation of a guaranty is governed by the same rules that apply to other contracts. *JSV, Inc. v. Hene Meat Co., Inc.*, 794 N.E.2d 555. "Absent ambiguity, the terms of a contract will be given their plain and ordinary meaning and will not be considered ambiguous solely because the parties dispute the proper interpretation of the terms." *Id*. at 560.

The Statute of Frauds requires a guaranty to be in writing and signed by the guarantor in order to be valid. *Grabill Cabinet Co., Inc. v. Sullivan*, 919 N.E.2d at 1167 ("only the guarantor's signature is necessary to render a guaranty a complete instrument"). Although a guaranty need not be set out in a document separate from the underlying contract, the guaranty must still be executed by the guarantor. *See, e.g., Jackson v. Luellen Farms, Inc.*, 877 N.E.2d 848, 856 (Ind. Ct. App. 2007) ("the signatures of [the corporation] and Jackson are on separate lines and are both complete within themselves"); *Boonville Convalescent Ctr., Inc. v. Cloverleaf Healthcare Servs., Inc.*, 790 N.E.2d 549, 557 (Ind. Ct. App. 2003) (the lease agreement "identifies the principal obligor, CHS, the guarantors, the shareholders and their spouses, and identifies Boonville as the beneficiary of the guaranty"; "identification of the co-signers as [CHS's] personal guarantors, the signature pages, the notarization of those signatures and the initialing of the signature pages by their counsel necessarily lead to the conclusion that the co-signers guaranteed payment under the lease"), *modified on reh'g on other grounds,* 798 N.E.2d 248, *trans. denied*.

4

In the case at hand, the lease makes clear that it is between Jubilee as Landlord and BJ Associates, Inc. as Tenant. Although the lease also contains a personal guaranty provision at paragraph 21, this provision is general and does not specifically designate Thompson as the guarantor. It simply refers to "the undersigned Guarantor". *Appellant's Appendix* at 22.

Landlord does not dispute that Thompson executed the lease on behalf of Tenant in his representative capacity for BJ Thompson Associates. Landlord argues, however, that this same signature also bound Thompson personally as guarantor. We cannot agree. In the lease the tenant and the guarantor were referred to separately and the signature page expressly indicated that the signature for BJ Thompson Associates represented execution by "TENANT". *Id*. at 23. Landlord directs us to no relevant authority for its proposition that a single signature on a lease agreement can bind both the corporation as tenant and the corporate officer individually as guarantor.[1] While we might be able to envision a case in which one signature accomplishes both, much more contractual precision would be required than was undertaken in this case. A plain reading of the lease reveals that it was executed by Tenant and Landlord only, not Thompson as a personal guarantor.

---

[1]  Landlord claims that this case is nearly identical to *Kordick v. Merchants Nat'l Bank & Trust Co. of Indianapolis*, 496 N.E.2d 119 (Ind. Ct. App. 1986). It is not. In *Kordick*, the guarantor executed a separate guaranty of a corporate note and the issue was not whether a guaranty existed but, rather, in what capacity the defendant signed the guaranty. *See also JSV, Inc. v. Hene Meat Co., Inc*., 794 N.E.2d 555 (corporate officer signed lease on behalf of JSV and then signed a separate guaranty agreement; defendant claimed he signed the guaranty, like the lease, as an officer of JSV). In this case, we never reach that issue because there was no execution of the guaranty in the first place.

5

The trial court properly concluded that there was no execution of the guaranty agreement contained in the lease. Without a signature by the guarantor, there is no enforceable guaranty and summary judgment was properly granted in favor of Thompson.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.