**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**WILLIAM C. MOYER**
**GREGORY M. REGER**
**ROBERT P. HAMILTON**
Lorch Naville Ward LLC
New Albany, Indiana

ATTORNEY FOR APPELLEES:

**WILLIAM M. BRAMAN**
Montgomery Elsner & Pardieck LLP
Seymour, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARTIN'S MARKETS, INC., DALE MARTIN AND ALISA MARTIN | ) ) ) | |
| Appellants, | ) ) | |
| vs. | ) ) | No. 72A05-1401-MF-41 |
| COONIE'S CORNER, LLC, | ) ) | |
| Appellees. | ) | |

APPEAL FROM THE SCOTT CIRCUIT COURT
The Honorable Susan L. Orth, Special Judge
Cause No. 72C01-1107-MF-54

**July 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Martins Markets, Inc. (MMI) and Dale and Alisa Martin (collectively, the Martins) appeal from the trial court's denial of their motion to deem a judgment entered against them in favor of Coonie's Corner, LLC discharged.

We affirm.

The Martins are the principal owners of MMI, which operated a grocery store out of a building in Austin, Indiana that it rented from Phyllis Ridlen. In 2002, in order to remain competitive with new grocery store chains that had moved into the area, MMI sought a loan for the purpose of renovating its facility. To that end, on July 31, 2002, MMI executed a promissory note in favor of River Valley Financial Bank (the Bank) in the amount of $507,363.04. Contemporaneously with the execution of the promissory note, the Martins executed loan guaranty agreements in which they agreed to pay the balance of the loan in the event that MMI defaulted. Ridlen also executed an indemnifying mortgage on the property in order to provide additional security for the loan.

MMI subsequently defaulted on the loan and the Bank filed an action seeking judgment on the promissory note and guaranty agreements as well as foreclosure on the mortgage. On January 12, 2012, the Bank was granted a personal judgment against MMI and the Martins, but judgment on the motion to foreclose on the mortgage was not entered at that time. On May 25, 2012, the Bank filed a motion for proceedings supplemental to execution seeking to collect on the judgments against MMI and the Martins. On July 16, 2012, MMI and the Martins filed an objection to the Bank's motion

for proceedings supplemental in which they argued that execution on the judgment was premature because the collateral real estate had not yet been sold. The trial court subsequently issued a decree of foreclosure against the property and stayed execution of the personal judgments against MMI and the Martins pending sale of the property.

On October 3, 2012, the Bank, for consideration, assigned the note, guaranties, mortgage, and judgments to Coonie's Corner, which had succeeded to Ridlen's interest in the property following her death. Coonie's Corner subsequently filed a motion for proceedings supplemental to collect on the judgments against the Martins and MMI, as well as a motion to set aside the judgment of foreclosure and to lift the previously entered stay of execution of the judgments against MMI and the Martins. The trial court granted the motion to set aside the judgment of foreclosure, and Coonie's Corner subsequently executed and recorded a release of the mortgage and notified the trial court of the release. Thereafter, in response to Coonie's Corner's motion to lift the stay of execution of the judgment, MMI and the Martins filed a Motion to Deem Judgment Discharged. In a supporting memorandum, MMI and the Martins asserted that they were entitled to discharge because Coonie's Corner had impaired the collateral securing their obligations by moving to set aside the judgment of foreclosure and by releasing the mortgage. Coonie's Corner responded that the Martins had prospectively consented to the impairment of the collateral by signing guaranty agreements expressly providing that their liability would not be affected by any release or surrender of collateral. On December 23, 2013, the trial court entered an order denying the Motion to Deem

3

Judgment Discharged and lifting the stay of execution of the judgment. MMI and the Martins now appeal.

On appeal, MMI and the Martins argue that they are entitled to discharge because Coonie's Corner, the judgment creditor, unjustifiably impaired the collateral securing the loan.[1] This court has recognized that "the guarantor of a debt may seek to avoid personal liability in a suit by a creditor by asserting the impairment of collateral defense." *Alani v. Monroe Cnty. Bank*, 712 N.E.2d 19, 21 (Ind. Ct. App. 1999). Under this defense, "the guarantor's liability will be discharged if the facts establish that the creditor's conduct unjustifiably impaired the collateral securing the debt." *Id.* We note, however, that this court has recognized that a guarantor may prospectively consent to the creditor's impairment of collateral, and by doing so, waives the right to claim impairment of collateral as a defense. *See, e.g., Hedrick v. First Nat'l Bank & Trust Co. of Plainfield*, 482 N.E.2d 1146 (Ind. Ct. App. 1985) (holding that guarantors' contractual agreement that their obligations would not be discharged or in any way effected by the bank's exercise of various powers with respect to the collateral, including the power to substitute, exchange, or release the collateral, constituted a waiver of their right to claim impairment of collateral as a defense).

---

[1] We note that Coonie's Corner argues that the Martins and MMI were required to raise the impairment-of-collateral defense prior to the entry of judgment on the underlying agreements and that they may not raise the issue for the first time in response to a motion for proceedings supplemental. The Martins and MMI respond that Coonie's Corner waived this argument by failing to raise it before the trial court and, in any event, they could not have raised the defense prior to the entry of judgment because the actions giving rise to the defense did not occur until after the entry of the judgments. In light of our resolution of this matter on the merits as set forth above, we need not resolve this question.

MMI and the Martins both argue that they are entitled to discharge because Coonie's Corner unjustifiably impaired the collateral securing their debts by releasing its mortgage. We note, however, that their arguments focus solely on the applicability of the defense to guarantors; they make no argument and cite no authority for the proposition that the defense is available to primary obligors like MMI. Accordingly, to the extent MMI argues that it was entitled to discharge due to the alleged impairment of collateral, its argument is waived for failure to present a cogent argument. *Dickes v. Felger*, 981 N.E.2d 559, 562 (Ind. Ct. App. 2012) (noting that "[a] party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record"); *see also Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) (explaining that this court "will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood" (citation omitted)). Waiver notwithstanding, we note that the promissory note explicitly provides that MMI waived all defenses "based on suretyship or impairment of collateral." *Appellant's Appendix* at 23. Accordingly, MMI is not entitled to assert the impairment of collateral as a defense.

With respect to the Martins' liability under the guaranty agreements, Coonie's Corner does not dispute that the collateral in this case was impaired; instead, it argues that under the plain language of the guaranty agreements, the Martins waived their right to assert the defense. Thus, we are asked to interpret the language of the guaranty agreements. The interpretation of a guaranty is governed by the same rules that apply to other contracts. *JSV, Inc. v. Hene Meat Co., Inc.*, 794 N.E.2d 555 (Ind. Ct. App. 2003).

5

"Absent ambiguity, the terms of a contract will be given their plain and ordinary meaning and will not be considered ambiguous solely because the parties dispute the proper interpretation of the terms." *Id.* at 560. The construction of the terms of a written contract is a pure question of law, and we review such questions *de novo*. *Whitaker v. Brunner*, 814 N.E.2d 288 (Ind. Ct. App. 2004), *trans. denied*.

In this case, Dale and Alisa Martin executed separate, identical guaranty agreements. The agreements contained the following language:

> The liability assumed by the undersigned is a primary and direct obligation without regard to any other obligor or security or collateral held by the Bank . . . .
> [T]he liability of the undersigned shall in no way be affected by. . . any release or surrender of other security of collateral or guaranty . . . .

*Appellant's Appendix* at 24, 25. Despite the Martins' conclusory assertions to the contrary, there is nothing ambiguous about this language. The plain and ordinary meaning of these provisions is that the Martins will be liable under the guaranty agreements regardless of whether any security is held, released, or surrendered by the lender. Thus, even assuming Coonie's Corner's actions amounted to an unjustifiable impairment of the collateral, the Martins have waived any right to assert this defense.[2]

---

[2] In their reply brief, MMI and the Martins argue, briefly and for the first time, that principles of equity preclude Coonie's Corner from enforcing the judgments through proceedings supplemental. Specifically, they note that proceedings supplemental have their "roots in equity," and they go on to assert, without citation to authority, that "one who seeks equity must do equity." *Reply Brief* at 2-3. Finally, they claim that it was "patently unfair" for Coonie's Corner to release the mortgage for no consideration, and that this course of action "amounts to a lack of equity by it." *Id.* at 3. This argument is doubly waived, both for failure to raise it before the trial court and failure to raise it in the principal appellate brief. *See Showley v. Kelsey*, 991 N.E.2d 1017, 1021 n.2 (Ind. Ct. App. 2013) (noting that "it is well settled that grounds for error may only be framed in an appellant's initial brief and if addressed for the first time in the reply brief, they are waived"), *trans. denied*; *GKC Ind. Theatres, Inc. v. Elk Retail Investors, LLC*, 764 N.E.2d 647, 651 (Ind. Ct. App. 2002) (explaining that "an argument or issue not presented to the trial court is generally waived for appellate review"). In any event, the Martins explicitly agreed that they

Accordingly, the trial court correctly concluded that the Martins and MMI are not entitled to discharge of the debt based on the defense of impairment of collateral.

Judgment affirmed.

VAIDIK, C.J., and MAY, J., concur.

---

would remain liable even if the creditor released or surrendered the collateral. We cannot conclude that it was inequitable for the creditor to exercise an option to which the guarantors contractually consented. Moreover, once Coonie's Corner obtained the assignment from the Bank (for consideration), it was both the mortgagee and mortgagor, and it held a judgment of foreclosure against its own property. We find the suggestion that Coonie's Corner should have paid consideration, apparently to itself, in return for a release of the mortgage puzzling, to say the least.