**James KINDRED, et al., Appellants,**

**v.**

**Betty TOWNSEND, et al., Appellees.**

### No. 60A04–1101–PL–42.

Supreme Court of Indiana.

July 31, 2012.

### *PUBLISHED ORDER DENYING TRANSFER*

This matter has come before the Indiana Supreme Court on a petition to transfer jurisdiction, filed pursuant to Indiana Appellate Rules 56(B) and 57, following the issuance of a decision by the Court of Appeals. The Court has reviewed the decision of the Court of Appeals. The submitted record on appeal, all briefs that were filed in the Court of Appeals, and all materials filed in connection with the request to transfer jurisdiction have been made available to the Court for review. Each participating member has had the opportunity to voice that Justice's views on the case in conference with the other Justices, and each participating member of the Court has voted on the petition.

Being duly advised, the Court now DENIES the petition to transfer jurisdiction.

The Clerk is directed to send a copy of this order to counsel of record. The Clerk is also directed to post this order to the Court's website, and Thomson Reuters is directed to publish this order in the bound volumes of this Court's decisions.

DICKSON, C.J., and RUCKER, DAVID, and MASSA, JJ., concur.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Justice, dissenting from the denial of transfer.

James, Thomas and Sam Kindred ("Plaintiffs") filed a complaint to quiet title against two separate defendants—represented by separate counsel—Betty Townsend and Harmon Crone. During the course of proceedings, the Plaintiffs moved for summary judgment. The trial court thereafter granted defendant Townsend's request for an extension of time to respond. Defendant Crone did not make such a request and when the time for responding passed without an answer from Crone, summary judgment was entered against him. Ind. Trial Rule 56(C).

Less than thirty days later, Crone filed a motion to correct error (T.R. 59) and a motion for relief from the summary judgment order (T.R. 60(B)(1) (mistake, surprise, or excusable neglect)). After a hearing, the trial court reversed its earlier order.

Plaintiffs appealed but the Court of Appeals affirmed. *Kindred v. Townsend,* 2011 WL 6916511, 2011 Ind.App. Unpub. LEXIS 1842 (Ind.Ct.App.2011). In doing so, the Court of Appeals analyzed applica-

ble precedent under T.R. 60(B)(1) and concluded that the trial court had not abused its discretion in granting relief.

Plaintiffs seek transfer. Among their contentions is that the Court of Appeals did not address their argument that, Defendants not having timely responded to the Plaintiffs' motion for summary judgment, their motions to correct error and for relief from judgment constituted impermissible end-runs around the time deadlines of T.R. 56(C). In support of this argument, Plaintiffs cite explicit authority from this Court and the Court of Appeals holding that a trial court may not consider late summary judgment filings. *HomEq Serv. Corp. v. Baker*, 883 N.E.2d 95, 98–99 (Ind.2008); *Borsuk v. Town of St. John*, 820 N.E.2d 118, 124 n. 5 (Ind.2005); *Desai v. Croy*, 805 N.E.2d 844, 849 (Ind.Ct.App. 2004), *trans. denied.*

A party's "absolute right to one appeal" in all cases includes the right to have each issue presented on appeal addressed and disposed of. Ind. Const. Art. 7, § 6. The plaintiffs were denied that here. I would grant transfer for purposes of addressing the raised but unanswered issue.