**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DOUGLAS M. GRIMES**
Douglas M. Grimes, P.C.
Gary, Indiana

ATTORNEYS FOR APPELLEE:

**STEPHEN A. TYLER**
**CORBIN R. FOWLER**
Johnson & Bell, P.C.
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM LEE, SR., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1404-CT-109 |
| | ) | |
| ANONYMOUS PSYCHOLOGIST I, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Margot F. Reagan, Judge
Cause No. 71D04-1307-CT-181

**December 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

William Lee, Sr., appeals from the trial court's order granting a motion for summary judgment filed by Anonymous Psychologist I ("the Doctor")[1] in a state court action brought by the Doctor seeking a preliminary determination of law as to the timeliness of the filing of Lee's proposed complaint. Lee contends that the trial court abused its discretion by denying his request for additional time in which to respond to the Doctor's summary judgment motion. He also argues that the trial court erred as a matter of law by determining that his proposed complaint alleging malpractice against the Doctor and filed with the Indiana Department of Insurance was time-barred by the statute of limitations. Concluding that the trial court did not err, we affirm.

## FACTS AND PROCEDURAL HISTORY

The Doctor is a psychologist who has a private practice in South Bend. Lee, who sought employment with the Elkhart Police Department in 2005, was evaluated by the Doctor as part of the police department's officer candidate selection process. The Doctor cleared Lee for police work, and Lee was hired by the department in June 2005.

In 2008, Lee was involved in an on-duty shooting during the course of which he wounded a suspect. Lee was referred to the Doctor after this incident for another psychological evaluation. The Doctor concluded that Lee "was not showing psychological problems as a result of this shooting" and cleared Lee to return to active duty. Appellee's App. p. 23.

---

[1] Anonymous Psychologist I was referred to as such in the proceedings before the Indiana Department of Insurance and in the petition he filed in state court. Although he has agreed to allow his actual name to be used in his responsive brief, we will not use his actual name in this opinion.

2

Later, in February 2009, Lee was involved in another shooting while on duty. Lee and a fellow officer were pursuing a fleeing female suspect when she fired shots, striking Lee's fellow officer in the face. As Lee prepared to shoot at the suspect, she yelled, "I give up." Id. at 25. Lee did not receive counseling for this incident.

In November 2009, a complaint was made to the police department alleging that Lee engaged in sexual misconduct while on duty. Lee allegedly patted a female employee of a convenience store on the buttocks and stood behind her in a sexually provocative way. The convenience store manager filed the complaint with the police department after reviewing the store's surveillance videotape. A second allegation of on-duty sexual misconduct was filed against Lee sometime prior to July 21, 2010. Lee was alleged to have touched the breast of a female employee of a pizza restaurant while he was on duty.

As a result of the two sexual misconduct complaints, the police department referred Lee to the Doctor for a psychological evaluation. Lee submitted to a variety of written psychological tests on July 21, 2010, and he was interviewed by the Doctor the next day. In his written report dated July 27, 2010, the Doctor recommended that Lee undergo counseling sessions with another therapist, Anonymous Psychologist II. There is nothing in the record to suggest that the Doctor treated or provided professional services to Lee at any time after July 27, 2010. The Doctor referred Lee to Anonymous Psychologist II. Anonymous Psychologist II saw Lee for the first time on August 25, 2010, and continued to treat him until December 14, 2010.

Beginning on January 21, 2011, Lee commenced receiving treatment from Dr. Stephanie Wade. During his first visit with Dr. Wade, Lee was diagnosed with Post-

3

Traumatic Stress Disorder ("PTSD").

Lee filed a proposed complaint with the Indiana Department of Insurance on December 12, 2012, alleging that the Doctor was negligent in failing to diagnose him with PTSD. The Doctor filed a petition in the Lake County Superior court requesting a preliminary determination of law and filed a motion for summary judgment. On May 15, 2013, Lee requested a change of venue to St. Joseph County, to which the Doctor agreed. Subsequently, on September 9, 2013, the Doctor filed a motion for summary judgment based on the Doctor's earlier petition seeking a preliminary determination of law. On September 22, 2013, Lee filed a verified response to that request and also filed a "Declaration" with the trial court in which he informed the trial court of his busy schedule and requested additional time in which to respond to the motion for summary judgment. On October 8, 2013, the Doctor filed a reply memorandum in support of his motion for summary judgment.

On November 1, 2013, the trial court scheduled a hearing on the Doctor's motion for summary judgment, setting the hearing for November 26, 2013. On November 7, 2013, Lee filed a "Praecipe." In that document Lee requested that the trial court rule on his "Declaration" filed on September 22, 2013, in which he had asked for additional time in which to respond to the motion for summary judgment. On December 10, 2013, Lee withdrew his "Praecipe" and filed a motion for enlargement of time to respond to the Doctor's petition and motion for summary judgment.

On January 10, 2014, the trial court granted the Doctor's motion for summary judgment and denied Lee's request for additional time in which to respond. On February

4

7, 2014, Lee filed a verified motion for certification of an interlocutory order, seeking to appeal the trial court's January 10, 2014 order. Lee contended that the trial court's order did not state that it was a final and appealable order. On March 5, 2014, the trial court entered two orders. In the first order, the trial court clarified that its January 10, 2014 order was meant to be a final and appealable order; therefore, Lee could pursue an appeal from that order without interlocutory certification. In the second order, Lee's request for additional time in which to respond to the Doctor's petition and his request for additional time to respond to the motion for summary judgment were denied by the trial court, which again granted the Doctor's motion for summary judgment. More specific details about those orders will be set forth in the discussion section of this opinion. Lee now appeals.

## DISCUSSION AND DECISION

## I. DENIAL OF MOTION FOR ENLARGMENT OF TIME

Lee argues that the trial court abused its discretion by denying his motion for enlargement of time in which to respond to the Doctor's motion for summary judgment. More specifically, he appears to claim that the agreed motion for change of venue from Lake County tolled the time for his response to the Doctor's motion for summary judgment.

"Trial Rule 56(C) provides that a party opposing a motion for summary judgment has thirty days to serve a response or any other opposing affidavits." *HomEq Servicing Corp. v. Baker*, 883 N.E.2d 95, 98 (Ind. 2008). Additionally, Trial Rule 56 (I) provides, "For cause found, the Court may alter any time limit set forth in this rule *upon motion made within the applicable time limit*." (emphasis added). Further, we have held that "not only must a nonmovant file a response or request for a continuance during the initial thirty-day

5

period, but the nonmovant 'must also file a response, file an affidavit pursuant to T.R. 56(F), or show cause for alteration of time pursuant to T.R. 56(I) during *any additional period granted by the trial court.*'" *Miller v. Yedlowski*, 916 N.E.2d 246, 251 (Ind. Ct. App. 2009), *trans. denied* (emphasis added) (quoting *Thayer v. Gohil*, 740 N.E.2d 1266, 1268 (Ind. Ct. App. 2001), *trans. denied*). Thus, the trial court in its sole discretion cannot consider summary judgment filings of the nonmoving party filed subsequent to any time period provided for by rule. *See Borsuk v. Town of St. John*, 820 N.E.2d 118, 124 n.5 (Ind. 2005) (citing *Desai v. Croy*, 805 N.E.2d 844, 848-49 (Ind. Ct. App. 2004), *trans. denied*).

Here, the Doctor served the summary judgment motion on Lee on April 24, 2013. The motion was served by mail, so Lee was entitled to an additional three days beyond the thirty-day response period provided for by Trial Rule 56(C). Ind. T.R. 56(C); Ind. T.R. 6(E). Lee's response to the motion, request for an extension of time or T.R. 56(F) declaration was due no later than May 27, 2013. Instead, during that time period, on May 15, 2013, Lee filed a motion for change of venue from Lake County, to which the chronological case summary reflects the Doctor agreed to on May 31, 2013. Pursuant to Indiana Trial Rule 78, the Lake County Superior court was restricted to determinations of emergency matters only until an order for the change of venue was granted. The change of venue motion was granted on July 26, 2013.

There appears to be no authority under the trial rules or case law to support the contention that Lee's motion for change of venue from the county tolled the time period under T.R. 56, but there appears to be some analogous authority to reach the conclusion that it does not. *See e.g.*, *State ex rel. Daily v. Harrison*, 215 Ind. 106, 109-10, 18 N.E.2d

770, 772 (1939) (motion for change of venue filed on last day allowed for filing amended complaint did not toll the time to amend). However, assuming *arguendo* that the motion tolled the time period for Lee's response, his argument fails nonetheless.

On September 9, 2013, the Doctor filed a request with the St. Joseph Superior court for the entry of an order granting summary judgment based on the original petition. On September 22, 2013, Lee filed a verified response to the request and also filed a "Declaration" in which he informed the trial court of his busy schedule and requested additional time in which to respond to the motion for summary judgment. Therefore, giving Lee the benefit of the doubt, the time period for a response had long since passed when the Doctor filed his request with the St. Joseph Superior court. Additionally, as noted above, a trial court cannot in its sole discretion consider summary judgment filings of the nonmoving party filed subsequent to the time period provided for by rule. *See Desai*, 805 N.E.2d at 848-49. The trial court did err by denying Lee's request for additional time in which to respond to the motion for summary judgment.

## II. RULING ON MOTION FOR SUMMARY JUDGMENT

Lee also claims that the trial court erred by granting the Doctor's motion for summary judgment. Our Supreme Court has recently stated our standard of review as follows:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties'

7

differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences."

The initial burden is on the summary-judgment movant to "demonstrate[ ] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court."

. . . .

Even though Indiana Trial Rule 56 is nearly identical to Federal Rule of Civil Procedure 56, we have long recognized that "Indiana's summary judgment procedure . . . diverges from federal summary judgment practice." In particular, while federal practice permits the moving party to merely show that the party carrying the burden of proof lacks evidence on a necessary element, we impose a more onerous burden: to affirmatively "negate an opponent's claim." Our choice to heighten the summary judgment burden has been criticized because it may let summary judgment be precluded by as little as a non-movant's "mere designation of a self-serving affidavit."

That observation is accurate, but using it as the basis for criticism overlooks the policy behind that heightened standard. Summary judgment "is a desirable tool to allow the trial court to dispose of cases where only legal issues exist." But it is also a "blunt . . . instrument," by which "the non-prevailing party is prevented from having his day in court[]". We have therefore cautioned that summary judgment "is not a summary trial,"; and the Court of Appeals has often rightly observed that it "is not appropriate merely because the non-movant appears unlikely to prevail at trial." In essence, Indiana consciously errs on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims.

*Hughley v. State*, 15 N.E.3d 1000, 1003-04 (Ind. 2014) (citations omitted).

The Doctor's motion for summary judgment is well-suited for the summary judgment process because only legal issues exist; namely, whether Lee's proposed

complaint was filed within the period required under the appropriate statute of limitations. The trial court found that it was not, and we agree.

The Indiana Medical Malpractice Act ("the Act") provides in pertinent part as follows:

> A claim, whether in contract or tort, may not be brought against a health care provider based upon professional services or health care that was provided or that should have been provided unless the claim is filed within two (2) years after the date of the alleged act, omission, or neglect, except that a minor less than six (6) years of age has until the minor's eighth birthday to file.

Ind. Code §34-18-7-1(b)(1998). "This is an 'occurrence' statute as opposed to a 'discovery' statute." *Brinkman v. Bueter*, 879 N.E.2d 549, 553 (Ind. 2008). "The time therefore begins to run on the date the alleged negligent act occurred, not on the date it was discovered." *Id*. (citing *Martin v. Richey*, 711 N.E.2d 1273, 1278 (Ind. 1999)).

There are, however, certain instances in which the statute of limitations is applied differently to particular plaintiffs. For example, in *Martin* our Supreme Court held that the statute of limitations provision as applied to her unconstitutionally violated the Privileges and Immunities Clause and the Open Courts Clause of the Indiana Constitution because she was required to file her claim before she was able to discover the alleged malpractice and resulting injury. 711 N.E.2d at 1279. In *Van Dusen v. Stotts*, 712 N.E.2d 491 (Ind. 1999), the Supreme Court construed the statute of limitations to permit plaintiffs who suffer from diseases or medical conditions with long periods of latency, causing the plaintiffs to be unable to discover the malpractice and the resulting injury until after the two-year occurrence based statutory period, to file their claims within two years of the date of

9

discovery, or the discovery of facts that should lead to the discovery of the malpractice. 712 N.E.2d at 497.

Here, the alleged negligent act or omission at issue was the Doctor's failure to diagnose Lee with PTSD. The undisputed facts designated for summary judgment reveal that the Doctor did not treat Lee at any time after July 27, 2010. Consequently, the alleged negligence could only have occurred on or before that date. Therefore, the two-year statute of limitations began to run on July 27, 2010, and expired on July 27, 2012. Lee's proposed complaint was filed with the Department of Insurance on December 12, 2012, well after the expiration of the statute of limitations.

Dr. Wade diagnosed Lee with PTSD on January 21, 2011, well within the two-year statute of limitations. Consequently, Lee had nearly a year and one-half to file his proposed complaint before the statute of limitations expired. In *Overton v. Grillo*, 896 N.E.2d 499 (Ind. 2008), a case involving negligence alleged against a healthcare provider not subject to the Act, our Supreme Court relied on cases decided under the Act when discussing the appropriate trigger dates for purposes of applying the statute of limitations. The Supreme Court stated that "[i]f a trigger date occurs before the expiration of the limitations period, the plaintiff's claim will be barred unless filing before the expiration of the two-year period was not possible with reasonable diligence. *Id*. at 502. The plaintiff's claim was untimely filed because there was nothing to prevent her from filing after the trigger date in the nine months remaining in the limitations period. Herein, the trial court in this case correctly concluded that the trigger date was January 21, 2011, and that the statute of limitations expired on July 27, 2012. Lee designated no evidence to the contrary to support a claim

10

that his complaint could not have been filed with reasonable diligence. Thus, the trial court was correct in determining as a matter of law that Lee's complaint was time-barred. We find that the trial court did not err by granting summary judgment on this basis in favor of the Doctor.

## CONCLUSION

In light of the foregoing, we affirm the trial court's decision.

Affirmed.

BAKER, J., and RILEY, J., concur.