## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 20 2015, 10:02 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*

Douglas Thompson
Pendleton, Indiana

ATTORNEY FOR APPELLEE

Paul B. Poracky
Koransky, Bouwer, and Poracky, P.C.
Dyer, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Douglas Thompson,

*Appellant-Defendant,*

v.

Cheryl Majchrowicz and Amy Bensema, Individually and as Personal Representatives of the Estate of Beverly Jean Thompson, Deceased,

*Appellees-Plaintiffs.*

March 20, 2015

Court of Appeals Cause No.
45A05-1408-CT-395

Appeal from the Lake Superior Court; The Honorable Michael N. Pagano, Judge;
45D09-1407-CT-21

**May, Judge.**

[1] Douglas Thompson appeals a summary judgment for Cheryl Majchrowicz and Amy Bensema (collectively, Appellees). He presents multiple issues for our review, only one[1] of which we are able to address: whether the trial court erred when it denied his motion for enlargement of time and granted Appellees' motion for summary judgment.

[2] We affirm.

## Facts and Procedural History

[3] In 2011, a jury found Thompson guilty of murdering his wife, Beverly.[2] On February 29, 2012, Appellees, who are Beverly's daughters, sued Thompson for wrongful death, intentional infliction of emotional distress, and negligent infliction of emotional distress because Thompson "callously and outrageously bludgeoned" Beverly to death. (Appellant's App. at 11.) Thompson retained counsel Mark Lucas, who entered an appearance on March 13, 2012. Thom Kramer entered an appearance for Thompson on March 19, 2012. On May 7, Thompson filed an answer to Appellees' complaint, and Lucas filed a motion to withdraw.

---

[1] Thompson argues his attorney committed malpractice for failing to notify him of Appellees' motion for summary judgment, and he argues Judge Pagano should have recused himself because he was tangentially involved in Thompson's criminal prosecution. As those issues were not presented before the trial court, we are unable to address them. *See Breneman v. Slusher*, 768 N.E.2d 451, 463 (Ind. Ct. App. 2002) (issues raised for the first time on appeal are waived).

[2] We affirmed his conviction and sentence. *Thompson v. State*, 45A03-1201-CR-5 (Ind. Ct. App. October 2, 2012), *trans. denied.*

On March 19, 2013, Kramer filed a motion to withdraw, and it was granted March 26. On May 30, Andrew Yoder filed a motion to withdraw despite not having filed an appearance in the civil case, though Yoder was listed as Thompson's attorney in a pending matter regarding Beverly's estate. Yoder tendered notice of his withdrawal from the estate case due to non-payment by Barbara Wagner, Thompson's sister and holder of his power of attorney.

On September 11, 2013, Appellees moved for summary judgment. Thompson did not have counsel at that time and was served at the prison. On October 28, he moved for enlargement of time and on November 18, he filed his response. On July 28, 2014, the trial court denied Thompson's motion for enlargement of time and granted summary judgment for Appellees.

## Discussion and Decision

Thompson proceeds *pro se*. A litigant who proceeds *pro se* is held to the rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*. One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id*. When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

[7]   We review summary judgment *de novo*, applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). Drawing all reasonable inferences in favor of the non-moving party, we will find summary judgment appropriate if the designated evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* A fact is material if its resolution would affect the outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences. *Id.*

[8]   The initial burden is on the summary-judgment movant to demonstrate there is no genuine issue of fact as to a determinative issue, at which point the burden shifts to the non-movant to come forward with evidence showing there is an issue for the trier of fact. *Id.* While the non-moving party has the burden on appeal of persuading us a summary judgment was erroneous, we carefully assess the trial court's decision to ensure the non-movant was not improperly denied his day in court. *Id.*

[9]   If the non-moving party does not respond to a motion for summary judgment "within 30 days by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot consider summary judgment filings of that party subsequent to the 30-day period." *HomEq Servicing Corp. v. Baker*, 883 N.E.2d 95, 98-99 (Ind. 2008). Thompson argues the trial court erred when it denied as untimely his motion for enlargement of time and granted summary judgment in favor of Appellees.

[10]     Appellees filed a motion for summary judgment on September 11, 2013, so Thompson's response or request for continuance had to be filed by October 14, 2013. Thompson did not file his motion for enlargement of time until October 28, 2013, and did not respond to Appellees' motion for summary judgment until November 18, 2013. Under *HomEq*, the trial court could not consider Thompson's filings, as they were filed too late. As the facts in Appellees' motion for summary judgment therefore stood undisputed, there was no genuine issue of material fact and the trial court properly granted summary judgment in favor of Appellees. Accordingly, we affirm.

[11]     Affirmed.


Barnes, J., and Pyle, J., concur.