ATTORNEYS FOR PETITIONER:
**NATHAN J. HAGERMAN**
**TAMMARA D. PORTER**
TAFT, STETTINIUS, & HOLLISTER LLP
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**CURTIS T. HILL**
ATTORNEY GENERAL OF INDIANA
**WINSTON LIN**
**PARVINDER K. NIJJAR**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

**FILED**
Oct 27 2017, 3:57 pm
**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| | | |
|---|---|---|
| AMERICAN UNITED LIFE INSURANCE COMPANY, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) ) | Cause No. 49T10-1610-TA-00053 |
| INDIANA DEPARTMENT OF STATE REVENUE, | ) ) ) | |
| Respondent. | ) ) | |

ORDER ON PARTIES' CROSS-MOTIONS FOR
SUMMARY JUDGMENT

**FOR PUBLICATION**
**October 27, 2017**

WENTWORTH, J.

American United Life Insurance Company ("AUL") has appealed the Indiana Department of State Revenue's partial denial of its claim for refund of Indiana use tax paid for the 2012, 2013, and 2014 tax years. AUL's appeal is currently before the Court on the parties' cross-motions for summary judgment. In resolving those cross-motions, the Court finds in favor of AUL.

**FACTS AND PROCEDURAL HISTORY**

AUL is an Indiana insurance company with its principal place of business in Indianapolis, Indiana. (Pet'r Des'g Evid., Ex. A ¶ 1.) AUL purchased computer software from out-of-state vendors for use in its Indiana operations. (Pet'r Des'g Evid., Ex. C at 1-2.)

The software was delivered to AUL and first loaded on its servers located in Texas. (Pet'r Des'g Evid., Ex. C at 2.) AUL remitted use taxes[1] to the Texas Comptroller[2] on the purchase price of the computer software at the rate of 8.25%. (See Pet'r Des'g Evid., Ex. A ¶¶ 14, 39-40, 45, Ex. C at 2, Ex. D at 1.) The 8.25% tax rate represented 6.25% for state-level use tax and the remaining 2% for local-level use taxes. (Pet'r Des'g Evid., Ex. D at 1.) Because it used the software in Indiana, AUL also paid Indiana use tax on the purchase price of the software at the rate of 7%. (Pet'r Des'g Evid., Ex. A ¶ 15, Ex. D at 1.)

AUL filed a claim for refund of the Indiana use tax it paid for the periods ending December 21, 2012 through September 30, 2014, claiming it was entitled to a credit

---

[1] During the years at issue, Texas imposed both a sales tax on the sale, lease, or license of a computer program deemed to be tangible personal property and a complementary use tax on the storage, use, or other consumption of a taxable item in the state of Texas. See TEX. TAX CODE ANN. §§ 151.009, 151.010, 151.051, 151.101 (West 2012); 34 TEX. ADMIN. CODE § 3.308(b)(2) (2012). Also, during the years at issue, local jurisdictions in Texas imposed their own sales and use taxes. See TEX. TAX CODE ANN. §§ 321.103, 321.104 (West 2012); 34 TEX. ADMIN. CODE § 3.346(f).

[2] During the hearing on the parties' cross-motions for summary judgment, counsel for AUL responded to a question from the Court that AUL may have paid some of the taxes at issue to vendors. (See Hr'g Tr. at 6-10.) Nonetheless, the designated evidence indicates that AUL paid the Texas Comptroller. (See Pet'r Des'g Evid., Ex. A ¶¶ 14, 39-40, 45, Ex. C at 2, Ex. D at 1-2.) Despite the Department's urging, a genuine issue cannot be raised by supposition. (See Hr'g Tr. at 27-33.) See C & C Oil Co. v. Indiana Dep't of State Revenue, 570 N.E.2d 1376, 1379 (Ind. Tax Ct. 1991) (stating that neither suppositions nor hypotheticals are sufficient to create a genuine issue of material fact).

against the full amount of Indiana use tax paid because it paid Texas use tax on the same purchase. (See Pet'r Des'g Evid., Ex. A ¶¶ 4-5, 14-16, Ex. C at 1.) On February 26, 2015, the Department denied the refund claim, which AUL protested. (Pet'r Des'g Evid., Ex. A ¶¶ 17-18.) On December 9, 2015, after conducting a hearing, the Department sustained AUL's protest, granting the refund pending verification of the amount of Texas tax paid. (Pet'r Des'g Evid., Ex. A ¶¶ 19-20.) On August 24, 2016, the Department sent AUL a letter indicating that it would issue a credit equal to the amount AUL paid to Texas for the 6.25% state-level tax, but not for the 2% local-level tax. (Resp't Des'g Evid., Ex. A, Confd'l Ex. 1 at 1; Pet'r Des'g Evid., Ex. D at 1.)

On October 3, 2016, AUL filed its original tax appeal. AUL moved for summary judgment on April 17, 2017, and on June 14, 2017, the Department filed its response and cross-motion for summary judgment. (Pet'r Mot. Summ. J. at 1; Resp't Resp. Pet'r Mot. Summ. J. & Cross Mot. Summ. J. ("Resp't Br.") at 1.)

One day before the summary judgment hearing, the Department filed a "Motion to Designate [the] Affidavit of Ray Langenberg" ("Motion to Designate"). (See Resp't Mot. Des'g Aff. Ray Langenberg ("Resp't Mot. Des'g") at 1.) The Department explained that Langenberg was Special Counsel for Tax Litigation for the Texas Comptroller of Public Accounts and that his averments would clarify the Comptroller's interpretation and application of Texas use tax. (Resp't Mot. Des'g at 1.) AUL objected to the Department's Motion to Designate and moved to strike the proffered affidavit as untimely filed and unduly prejudicial. (See Objection Resp't Mot. Des'g Aff. Ray Langenberg & Pet'r Mot. Strike at 2-3 (citing Ind. Trial Rule 56(C), (E), and (I)).)

The Court conducted a hearing on the parties' cross-motions for summary

judgment on August 4, 2017. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Cross-motions for summary judgment do not alter this standard. Horseshoe Hammond, LLC v. Indiana Dep't of State Revenue, 865 N.E.2d 725, 727 (Ind. Tax Ct. 2007), review denied. "[W]hen ruling on a motion for summary judgment, this Court will only consider properly designated evidence that would be admissible at trial." Miller Pipeline Corp. v. Indiana Dep't of State Revenue, 995 N.E.2d 733, 736 (Ind. Tax Ct. 2013) (citations omitted).

## ANALYSIS

### The Department's Motion to Designate

As a preliminary matter, the Court must rule on the Department's Motion to Designate. The proper time to submit designated evidence for purposes of summary judgment is governed by Indiana Trial Rule 56(C), which requires a party opposing summary judgment to designate its "response and any opposing affidavits" within 30 days after the serving of a motion for summary judgment. T.R. 56(C). See also HomEq Servicing Corp. v. Baker, 883 N.E.2d 95, 98-99 (Ind. 2008) (indicating a trial court cannot consider summary judgment filings subsequent to the 30-day period). Here, AUL filed its motion for summary judgment on April 17, 2017. After extensions of time, the Department was required to submit its response and designated evidence on or before June 14, 2017. The Department's Motion to Designate was filed on August 3,

4

2017, not only long beyond the deadline, but also just one day before the hearing. Accordingly, the Court DENIES the Department's Motion to Designate.

**The Parties' Cross-Motions for Summary Judgment**

The heart of the parties' cross-motions for summary judgment concerns whether Indiana Code § 6-2.5-3-5 ("Credit Statute") applies only to state-level taxes and not to local-level taxes. The Credit Statute states:

> A person is entitled to a credit against the use tax imposed on the use, storage, or consumption of a particular item of tangible personal property equal to the amount, if any, of <u>sales tax, purchase tax, or use tax paid to another state, territory, or possession of the United States</u> for the acquisition of that property.

IND. CODE § 6-2.5-3-5 (2012) (emphasis added). Thus, eligibility for the credit has two components: (1) the type of tax ("sales tax, purchase tax, or use tax"), and (2) the payee of the tax ("paid to another state, territory, or possession of the United States"). <u>See</u> I.C. § 6-2.5-3-5.

**1. Type of Tax**

The Credit Statute explicitly allows a credit for the payment of three types of taxes: "sales tax, purchase tax, or use tax." I.C. § 6-2.5-3-5. The Department contends, however, that only a <u>state-level</u> sales, purchase, or use tax is creditable, not a <u>local-level</u> tax. (<u>See</u> Resp't Br. at 3-5.) In support, the Department explains that the use of the word "state" later in the Credit Statute suggests a distinction between state-level and local-level taxes by omitting the word "local." (<u>See</u> Resp't Br. at 3-5; Hr'g Tr. at 37-38.) It seems, therefore, that the Department asks the Court to rewrite the Credit Statute to reflect its narrow interpretation of the permissible types of creditable taxes by inserting the word "state" in a different place in the statute – "of [state] sales tax,

5

purchase tax, or use tax," and in doing so, excluding local-level taxes as creditable. This, the Court cannot do.

The Court must apply the law as written and will not impermissibly encroach on the legislative function by reading into it language that is not present. See Day v. State, 57 N.E.3d 809, 812 (Ind. 2016) (explaining that "[i]f [statutory] language is clear and unambiguous, [courts] simply apply its plain and ordinary meaning, heeding both what it 'does say' and what it 'does not say'") (citations omitted). The Legislature's placement of the word "state" in the Credit Statute lacks both proximity to and an antecedent position before the three listed creditable tax types; therefore, it does not modify or limit them. See I.C. § 6-2.5-3-5. See e.g., THE CHICAGO MANUAL OF STYLE § 5.78 at 224 (16th ed. 2010) (explaining that "an adjective that modifies a noun . . . usually precedes it" but may immediately follow it). Furthermore, this same lack of proximity indicates that the Legislature's omission of any reference to local tax in relation to the word "state," cannot be interpreted to exclude local-level taxes from the three types of creditable taxes. See DeKalb Cnty. E. Cmty. Sch. Dist. v. Dep't of Local Gov't Fin., 930 N.E.2d 1257, 1260 (Ind. Tax Ct. 2010) (stating that "[w]hen the language of a statute is clear and unambiguous, the Court may not expand or contract [its] meaning . . . by reading into it language to correct any supposed omissions or defects"). Accordingly, because the Legislature chose not to include language limiting the three types of creditable taxes to state-level taxes, the Court declines to do so.

## 2. Payee

The Credit Statute also explicitly requires the sales tax, purchase tax, or use tax to be "paid to another state, territory, or possession of the United States" to be

6

creditable against Indiana's tax.  See I.C. § 6-2.5-3-5.  The designated evidence shows that AUL paid use tax of 8.25% on the purchase price of its computer software to the Texas Comptroller, 2% of which satisfied the local-level use tax imposed by a Texas municipality.  (See Pet'r Des'g Evid., Ex. A ¶¶ 39-40, 45, Ex. D at 1.) Indeed, Texas law states that

> The comptroller shall administer, collect, and enforce any tax imposed by a municipality under [the Municipal Sales and Use Tax Act].  The taxes imposed under [the Municipal Sales and Use Tax Act] and the tax imposed [the Limited Sales, Excise, and Use Tax Act] shall be collected together, if both taxes are imposed.

TEX. TAX CODE ANN. § 321.301 (West 2012).  See also TEX. TAX CODE ANN. §§ 151.001, 321.001 (West 2012) (naming Chapter 151 of the Texas Tax Code the "Limited Sales, Excise, and Use Tax Act" and Chapter 321 the "Municipal Sales and Use Tax Act").

AUL asserts that its payment to the Texas Comptroller constitutes a payment to "another state," making it eligible for a refund of the full 7% use tax paid to Indiana. (See Pet'r Reply Supp. Summ. J. & Resp. Resp't Cross Mot. Summ. J. at 3-6.)  On the other hand, the Department claims that AUL is not eligible for a refund of 2% of the tax paid to the Texas Comptroller because it was not "paid to another state," but rather to a local municipality - the Comptroller acting merely as the collection conduit.  (See Resp't Br. at 5-6.)  Specifically, the Department explains that the tax paid by AUL to the Texas Comptroller was ultimately distributed to local municipalities and the plain language of the Credit Statute does not list a local municipality as an eligible payee for purposes of the credit.  (See Resp't Br. at 5-6.)

The Credit Statute indicates the critical fact is simply the identity of the payee, i.e., who is the tax "paid to," restricting that payee to "another state, territory, or

7

possession of the United States." See I.C. § 6-2.5-3-5. Accordingly, even though the Texas Comptroller distributes a portion of AUL's payment to the Texas municipality that imposed the local-level use tax, the plain language of the Credit Statute does not require, as the Department urges, looking beyond the payee to the ultimate recipient of the tax. Had the Legislature intended a different meaning, it easily could have said so, but it did not, and the Court declines to rewrite the statute to alter its plain meaning. See Ind. Alcohol & Tobacco Comm'n v. Spirited Sales, LLC, 79 N.E.3d 371, 376 (Ind. 2017) (stating that "[w]e may not add new words to a statute which are not the expressed intent of the legislature") (emphasis added) (citations omitted). Consequently, the Credit Statute applies to a use tax paid to, as the case is here, a state other than Indiana.[3]

**CONCLUSION**

For the aforementioned reasons, the Court DENIES the Department's Motion to Designate Affidavit of Ray Langenberg. In addition, to the extent that AUL paid one of the three creditable types of taxes to the Texas Comptroller, the Court GRANTS AUL's Motion for Summary Judgment and DENIES the Department's Cross-Motion for

---

[3] Further, AUL claimed that the Department's partial denial of the use tax credit violates the Commerce Clause of the United States Constitution. (See Pet'r Br. at 10 (citing Comptroller of the Treasury of Maryland v. Wynne, 135 S.Ct. 1787, 1805 (2015) (holding that a personal income tax scheme that allowed a credit against a state income tax but not a local or county income tax violated the dormant Commerce Clause)).) The Court will not address this constitutional claim having found in AUL's favor on other grounds.

Summary Judgment. Accordingly, AUL is entitled to a credit for the full amount of Indiana use tax it paid during the years at issue.

SO ORDERED this 27th day of October 2017.

Martha Blood Wentworth, Judge
Indiana Tax Court